No. 19-7616

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH COURT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

JUSTIN EUGENE TAYLOR,
*Defendant/Appellant*.
_____

On Appeal From the United States District Court
for the Eastern District of Virginia
Richmond Division (The Hon. M. Hannah Lauck)
_____

BRIEF OF THE APPELLANT
_____

GEREMY C. KAMENS
Federal Public Defender

Frances H. Pratt
Laura J. Koenig
Assistant Federal Public Defenders
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Fran_Pratt@fd.org
Laura_Koenig@fd.org

# TABLE OF CONTENTS

Table of Authorities .........................................................................................iv

Introduction..................................................................................................1

Statement of Jurisdiction..............................................................................2

Statement of the Issues.................................................................................3

Statement of the Case...................................................................................3

    A.    Mr. Taylor Is Charged With, Pleads Guilty to, and Is Sentenced for, Violations of § 1951 and § 924(c).....................................3

    B.    After *Johnson*, Mr. Taylor Seeks to Vacate His § 924(c) Conviction .........................................................................................5

    C.    The Fourth Circuit Court Decides *Simms*, and the Supreme Court Decides *Davis*.........................................................................7

    D.    The District Court Denies Relief and Mr. Taylor Appeals ..................9

Summary of Argument ...............................................................................10

Argument....................................................................................................14

I.    Mr. Taylor's Conviction Under 18 U.S.C § 924(c) Violates the Constitution Because Hobbs Act Conspiracy, the Less Serious of the Two Underlying Offenses Alleged in the § 924(c) Count, Is Not a Crime of Violence.....................................................................................14

    A.    The Modified Categorical Approach Applies When a § 924(c) Count Alleges More Than One Underlying Offense as a Crime of Violence .......................................................................................14

    B.    Under the Modified Categorical Approach, This Court Must Assume That Mr. Taylor's § 924(c) Conviction Was Predicated on Hobbs Act Conspiracy Because the *Shepard* Documents Fail to Establish That the Conviction Necessarily Rested on Attempted Hobbs Act Robbery .........................................................18

i

1. The Plea Agreement and the Plea Colloquy Are Ambiguous ...................................................................19

2. The Statement of Facts Is Just as Unclear ................................20

3. Decisions From Other Courts Support Confirm That the Statement of Facts Cannot Save Mr. Taylor's § 924(c) Conviction ...................................................................21

    a. The Eighth Circuit and *United States v. Horse Looking* ...................................................................21

    b. The First Circuit and *United States v.* Kennedy .............24

    c. The Ninth Circuit and *United States v. Marcias-Acosta* ...................................................................27

4. Cases Finding Jury Verdicts to Be Ambiguous Provide Further Support ...................................................................28

C. Contractual Principles Require the Court to Construe the Ambiguity in the Plea Agreement Concerning the § 924(c) Predicate Against the Government ...................................................................31

D. The District Court Erroneously Relied on *United States v. Doyle* and *United States v. Hare* to Avoid Addressing Mr. Taylor's Ambiguity Argument ...................................................................32

II. A § 924(c) Conviction Predicated on Attempted Hobbs Act Robbery Violates *Johnson* and *Davis* Because Attempted Hobbs Act Robbery Does Not Categorically Qualify as a Crime of Violence ..............................35

A. Under the Categorical Approach, an Attempted Hobbs Act Robbery Fails to Satisfy the Force Clause Because, Like Conspiracy, It Does Not Invariably Require the Actual, Attempted, or Threatened Use of Force ...................................................................36

B. Courts Reaching the Contrary Result Improperly Convert *Intent* to Commit an Offense Into *Attempt* to Commit That Offense............41

Conclusion ...................................................................46

Request for Oral Argument.................................................................................47

Certificate of Compliance

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Benitez v. United States*, 2017 WL 2271504 (S.D. Fla. Apr. 6, 2017)...............30, 31

*Davis v. United States*, 417 U.S. 333 (1974) ..........................................................46

*Descamps v. United States*, 570 U.S. 254 (2013)................................15, 19, 25, 28

*In re Gomez,* 830 F.3d 1225 (11th Cir. 2016).................................................. 28-29, 30

*Johnson v. United States*, 559 U.S. 133 (2010) ....................................................36

*Johnson v. United States*, 135 S. Ct. 2551 (2015) .....................................*passim*

*Mathis v. United States*, 136 S. Ct. 2243 (2016) ........................................19, 21, 25

*Omari v. Gonzales*, 419 F.3d 303 (5th Cir. 2005) ...................................................17

*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)..............................................................6

*Shepard v. United States*, 544 U.S. 13 (2005) .....................................................*passim*

*State v. Saults*, 242 S.E.2d 801 (N.C. 1978) ..........................................................45

*State v. Woods*, 297 S.E.2d 574 (N.C. 1982) ..........................................................45

*United States v. Alfonso*, 2019 WL 1916199 (D. Conn. Apr. 30, 2019) .................44

*United States v. Berry*, 2020 WL 591569 (W.D. Va. Feb. 6, 2020).................. 29-30

*United States v. Carter*, 454 F.2d 426 (4th Cir. 1972) ...........................................31

*United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012) ................................*passim*

*United States v. Cheese*, 2020 WL 705217 (E.D.N.Y. Feb. 12, 2020) ...................44

*United States v. Clay*, 627 F.3d 9597 (4th Cir. 2010) ............................................16

*United States v. Davis*, 139 S. Ct. 2319 (2019) ....................................................*passim*

iv

*United States v. Dinkins*, 928 F.3d 349 (4th Cir. 2019)......................................44, 45

*United States v. Doyle*, 2019 WL 3225705 (E.D. Va. July 17, 2019).........10, 32, 33

*United States v. Engle*, 676 F.3d 405 (4th Cir. 2012).......................................37, 45

*United States v. Fuertes*, 805 F.3d 485 (4th Cir. 2015)...................................*passim*

*United States v. Hare*, 820 F.3d 93 (4th Cir. 2016)..............................10, 32, 33, 34

*United States v. Harvey*, 791 F.2d 294 (4th Cir. 1986) ....................................31, 32

*United States v. Hill*, 877 F.3d 717, 719 (7th Cir. 2017)..................................41, 43

*United States v. Holland*, 503 F. App'x 737 (11th Cir. 2013)................................38

*United States v. Holland*, 749 F. App'x 162 (4th Cir. 2018).................................41

*United States v. Horse Looking*, 828 F.3d 744 (8th Cir. 2016).......21, 22, 23, 27, 34

*United States v. Kennedy*, 881 F.3d 14 (1st Cir. 2018) ...................................*passim*

*United States v. Lettiere*, 2018 WL 3429927 (D. Mont. July 16, 2018) .................29

*United States v. Lofton*, 2020 WL 362348 (W.D.N.Y. Jan. 22, 2020)....................44

*United States v. Marcia-Acosta*, 780 F.3d 1244 (9th Cir. 2015).......................27, 28

*United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019)...................................... 35-36

*United States v. McCall*, 2019 WL 4675762 (E.D. Va. Sept. 25, 2019).................29

*United States v. McFadden*, 739 F.2d 149 (4th Cir. 1984)....................38, 39, 40, 42

*United States v. Prince*, 772 F.3d 1173 (9th Cir. 2014) ........................................38

*United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018) (*St. Hubert II*).........9, 41

*United States v. St. Hubert*, 918 F.3d 1174 (11th Cir. 2019) (*St. Hubert III*) ... 41-43

*United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc) ....................*passim*

*United States v. Strayhorn*, 743 F.3d 917 (4th Cir. 2014) ......................................40

*United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012)...............................36

*United States v. Tucker*, 2020 WL 93951 (E.D.N.Y. Jan. 8, 2020)....................43, 44

*United States v. Turner*, 501 F.3d 59 (1st Cir. 2007) ..............................................37

*United States v. Vann*, 660 F.3d 771 (4th Cir. 2011)........................................*passim*

*United States v. Villegas*, 655 F.3d 662 (7th Cir. 2011).........................................37

*United States v. Wrobel*, 841 F.3d 450 (7th Cir. 2016) ..........................................38

*Welch v. United States*, 136 S. Ct. 1257 (2016) .....................................................5

## Constitutional Provisions, Statutes, and Rules

U.S. Const. amend V (Due Process Clause) .......................................................5, 35

18 U.S.C. § 16.......................................................................................................6

18 U.S.C. § 922.....................................................................................................22

18 U.S.C. § 924(c) .........................................................................................*passim*

18 U.S.C. § 924(e) (Armed Career Criminal Act, or ACCA) ........................ *passim*

18 U.S.C. § 1951 (Hobbs Act)......................................................................*passim*

18 U.S.C. § 2113....................................................................................... 38-39

28 U.S.C. § 1291....................................................................................................3

28 U.S.C. § 1331....................................................................................................2

28 U.S.C. § 2244....................................................................................................5

28 U.S.C. § 2253....................................................................................................3

28 U.S.C. § 2255...........................................................................................*passim*

Fed. R. App. P. 4 ........................................................................................... 2-3

No. 19-7616

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH COURT

_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

JUSTIN EUGENE TAYLOR,
*Defendant/Appellant*.

_____

On Appeal From the United States District Court
for the Eastern District of Virginia
Richmond Division (The Hon. M. Hannah Lauck)

_____

BRIEF OF THE APPELLANT

_____

## **INTRODUCTION**

This case presents two issues that the Court currently faces in numerous

§ 2255 appeals, and some direct appeals, following the Supreme Court's decisions

in *Johnson v. United States* and *United States v. Davis*: first, can a guilty plea to a

§ 924(c) charge that alleges multiple predicates stand when one or more of the

predicates no longer qualifies as a crime of violence; and second, whether attempted

Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)'s force clause.

The answer to each question is "no."

1

As to the first question, after applying the modified categorical approach and considering the relevant *Shepard* documents, grave ambiguity exists as to which predicate offense – one that is plainly not a valid predicate or one that is purportedly valid – serves in this case as the crime of violence supporting Mr. Taylor's § 924(c) conviction. As to the second question, attempted Hobbs Act robbery cannot be a crime of violence because neither of the two elements of the attempt offense – that the defendant had intent to commit a crime of violence and took a substantial step that corroborated that intent – invariably requires the actual, attempted, or threatened use of physical force. This is no different from conspiracy to commit Hobbs Act robbery, which this Court has already determined cannot be a crime of violence in *United States v. Simms*, and the same result must pertain here.

Whether because grave ambiguity exists or because attempted Hobbs Act robbery cannot be a crime of violence, or for both reasons, this Court must find that Mr. Taylor's § 924(c) conviction cannot stand.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over Mr. Taylor's motion to vacate his sentence under 28 U.S.C. § 2255(a) and 28 U.S.C. § 1331. The district court entered its opinion and order denying the motion on August 26, 2019. J.A. 146-54. Mr. Taylor timely filed his notice of appeal on October 25, 2019. J.A. 155; *see* Fed. R.

App. P. 4(a)(1).  Therefore, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 2253(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

As stated in the Court's order granting a certificate of appealability, the issue presented are the following:

> (1) whether an 18 U.S.C. § 924(c) (2018) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid; and
>
> (2) whether attempted Hobbs Act robbery, 18 U.S.C. § 1951(a) (2018), categorically qualifies as a predicate crime of violence for purposes of § 924(c).

J.A. 157.

## STATEMENT OF THE CASE

A.  <u>Mr. Taylor Is Charged With, Pleads Guilty to, and Is Sentenced for, Violations of § 1951 and § 924(c)</u>

In February 2009, a federal grand jury in the Eastern District of Virginia charged Justin Taylor in a second superseding indictment with, *inter alia*, conspiracy to commit Hobbs Act robbery (Count Five) and attempting to commit Hobbs Act robbery (Count Six), in violation of 18 U.S.C. § 1951.  *See* J.A. 11, 13-14.  He was also charged with using a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Seven), which alleged two predicate offenses, the conspiracy alleged in Count Five and the attempted robbery in Count Six.  *Id.* at 13-14.

3

Soon after, Mr. Taylor pleaded guilty to the Hobbs Act conspiracy and to the § 924(c) violation. According to the plea agreement,

> [t]he defendant agrees to plead guilty to Counts Five and Seven of the Second Superseding Indictment. Count Five charges the defendant with Conspiracy to Interfere with Commerce by Threats and Violence in violation of Title 18, United States Code, Section 1951 [and] Count Seven charges the defendant with the use and carry of a firearm during and in relation to a crime of violence in violation of Title 18, United States Code, Section 924(c).

J.A. 32-33. The plea agreement did not identify the predicate offense for the § 924(c) count. However, Mr. Taylor did not plead guilty to the attempted robbery, which the government later dismissed. *See* J.A. 52.

At the plea hearing, the court confirmed with Mr. Taylor that he was appearing before the court to plead guilty to Count Five, "conspiracy to interfere with commerce by threats and violence," and to Count Seven, "use and carrying a firearm during and in relation to a crime of violence." J.A. 17-18. Although the court "read through the Statement of Facts" and observed that "it does indeed outline each of the essential elements of the offenses charged against Mr. Taylor," J.A. 25, the court never reviewed with Mr. Taylor what those elements were, and did not identify a predicate offense for the § 924(c) charge.

The court sentenced Mr. Taylor in May of 2009. It imposed 240 months (the statutory maximum) on the Hobbs Act conspiracy count, and 120 months on the

4

§ 924(c) count, to run consecutively to the sentence on the conspiracy count, for a total sentence of 360 months.  J.A. 52-54.

Mr. Taylor appealed his conviction and sentence.  *See* J.A. 6-7 (docket entries 42-57); *see also* 4th Cir. Case No. 09-4468.  Following the Fourth Circuit's ruling in his appeal, Mr. Taylor filed his first § 2255 motion, which the district court denied.  *See* J.A. 8 (docket entries 58-70).

B.  After *Johnson*, Mr. Taylor Seeks to Vacate His § 924(c) Conviction

In June 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act's definition of "violent felony," *see* 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague in violation of the Due Process Clause.  Less than ten months later, the Court held in *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applied retroactively to cases on collateral review.

Within one year of *Johnson*, Mr. Taylor sought authorization from the Fourth Circuit to file a second § 2255 motion, this time to vacate his § 924(c) conviction in light of *Johnson*, which the Court granted.  *See* J.A. 8 (docket entry 71, Fourth Circuit order appointing Federal Public Defender for § 2244 case, No. 16-9177); J.A. 9 (docket entry 74, Fourth Circuit order granting authorization to filed second § 2255 motion); J.A. 9, 61-82 (§ 2255 motion, filed June 27, 2016).  As Mr. Taylor argued in his motion, because § 924(c)'s residual clause suffers from the same two

flaws that compelled the Supreme Court to strike down § 924(e)'s residual clause as unconstitutionally vague, his § 924(c) conviction could not be constitutionally sustained. J.A. 65-72.

The government moved to dismiss Mr. Taylor's § 2255 motion as untimely, on the grounds that it was filed more than one year after his conviction became final, and did not meet the requirements of the exception to the one-year limitations period in § 2255(f)(3) for the recognition of a new right by the Supreme Court.[1] *See* J.A. 84-96. In the government's view, Mr. Taylor filed his motion too early under § 2255(f)(3) because the Supreme Court had not yet extended *Johnson* to § 924(c)'s residual clause. *Id.* at 86, 93. Mr. Taylor filed a response to the government's motion. *See* J.A. 98-104.

In April 2018, the Supreme Court decided *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In an application of *Johnson* that it called "straightforward," the Court ruled that the residual clause in 18 U.S.C. § 16's definition of "crime of violence" was unconstitutionally vague for the same reasons that the Court had found in *Johnson* that 18 U.S.C. § 924(e)'s residual clause was unconstitutionally vague.

---

[1] The statute-of-limitations provision in 28 U.S.C. § 2255(f) requires that motions filed pursuant to § 2255 be filed within one year after one of four dates. For a motion filed more than one year after a conviction has become final, *see* § 2255(f)(1), a motion can be timely filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2255(f)(3).

C. The Fourth Circuit Court Decides *Simms*, and the Supreme Court Decides *Davis*

In January 2019, the Fourth Circuit, sitting en banc, decided *United States v. Simms* and ruled that *Johnson* applied in an equally straightforward manner to invalidate the residual clause in 18 U.S.C. § 924(c) as unconstitutionally vague, and further, that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s force clause. *United States v. Simms*, 914 F.3d 229 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019).

Following *Simms*, in May 2019, the district court ordered additional briefing in Mr. Taylor's case, to address the impact of *Simms* on the case, recognizing that *Simms* "may undermine the Government's contention that *Johnson* does not entitle Taylor to relief." J.A. 108. Recognizing that "Taylor's § 924(c) conviction is predicated on both 'conspiracy to interfere with commerce by armed robbery as charged in Count Five and Interference with Commerce by Threats and Force as charged in Count Six,' in violation of 18 U.S.C. § 924(c)," the Court requested "further briefing on *Simms*'s application to Taylor's § 924(c) conviction." J.A. 108-09 (citing *United States v. Vann*, 660 F.3d 771, 771-77 (4th Cir. 2011). Upon the government's request, the court stayed the case pending the Supreme Court's forthcoming decision in *United States v. Davis*. J.A. 110 (granting ECF Doc. 87, motion to stay).

7

One month later, on June 24, 2019, and in the context of Hobbs Act conspiracy like *Simms*, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), and declared § 924(c)'s residual clause to be unconstitutionally vague. The government then filed its supplemental memorandum addressing the impact of *Simms* and *Davis* on Mr. Taylor's case. *See* J.A. 112-27.

In its supplemental memorandum, the government contended that Mr. Taylor could not obtain any relief after *Davis* because Count Seven "included as its predicate crimes of violence *both* the conspiracy to commit robbery and the actual robbery." J.A. 118-19. Later in its pleading, the government contended that it did not make any difference that the second predicate was charged as an attempt. J.A. 120. In the government's view, attempted Hobbs Act robbery qualified as a crime because "any attempt to commit a crime of violence involves an attempted use of violent force and therefore is itself a crime of violence." *Id.* (citing cases).

In reply, picking up on the district court's reference to the *Vann* decision, Mr. Taylor argued that because the § 924(c) count alleged two underlying offenses, both Hobbs Act conspiracy and attempted Hobbs Act robbery, and the plea agreement was gravely ambiguous as to which offense served as the predicate, the court had to "assume that Mr. Taylor's § 924(c) conviction was predicated on the least serious of the two offenses – which is Hobbs Act conspiracy." J.A. 133-36. As well, Mr. Taylor explained why the government's reliance on the cases it cited was misplaced

because there are many ways in which an attempted Hobbs Act robbery can be committed without using, attempting to use, or threatening to use force. J.A. 136-38.

D. The District Court Denies Relief and Mr. Taylor Appeals

In an order issued two weeks later, the district court denied relief to Mr. Taylor. *See* 146-53 (memorandum opinion); J.A. 155 (order). In its opinion, the court acknowledged that *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidated the so-called "residual clause" in § 924(c)'s definition of the term "crime of violence." J.A. 150-51. The court also recognized that whereas the Fourth Circuit had recently ruled that completed Hobbs Act robbery remains a crime of violence under § 924(c)'s force clause, it had also ruled that conspiracy to commit Hobbs Act robbery was *not* a crime of violence. J.A. 151. Nonetheless, the district court determined that

> [a]lthough the Fourth Circuit has invalidated any reliance on *conspiracy* to commit Hobbs Act robbery as a predicate crime of violence for § 924(c), attempting to aid and abet Hobbs Act robbery constitutes a valid crime of violence under the Force Clause because it invariably requires the actual, attempted, or threatened use of physical force.

J.A. 151 (citing *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018)).

Accordingly, the district court concluded that Mr. Taylor's § 924(c) conviction "remains valid after *Johnson* and its progeny because it was predicated on attempting to aid and abet Hobbs Act robbery." J.A. 152. The court did not discuss at any length Mr. Taylor's argument that his plea agreement was gravely

9

ambiguous, but cited to a district court decision, *United States v. Doyle*, 2019 WL 3225705 (E.D. Va. July 17, 2019), and to *United States v. Hare*, 820 F.3d 93 (4th Cir. 2016). J.A. 152.

In keeping with its ruling, the district court denied Mr. Taylor's § 2255 motion. J.A. 152, 154. The court also denied a certificate of appealability. J.A. 153, 154.

Mr. Taylor noted his appeal from the district court's order within 60 days of its issuance. J.A. 155. After considering Mr. Taylor's informal preliminary brief, this Court granted a certificate of appealability. J.A. 157.

## SUMMARY OF ARGUMENT

I.     The Court should vacate Mr. Taylor's § 924(c) conviction on either or both of two grounds. First, a § 924(c) conviction that is based on two offenses, one of which is clearly invalid, cannot be sustained when there is grave ambiguity as to which offense was necessarily the offense that supported the "crime of violence" element of the § 924(c) offense.

This is so because, under Supreme Court and Fourth Circuit precedent, the Court must apply the modified categorical approach because the Hobbs Act statute, 18 U.S.C. § 1951(a), defines multiple offenses in the disjunctive. Under this approach, the Court may consult certain judicial documents (the charging document, the terms of a plea agreement or transcript of a guilty plea, jury instructions, and

other comparable judicial records) to see if they conclusively establish which offense was necessarily the predicate offense used to satisfy the "crime of violence" element of the § 924(c) violation. If the documents do not conclusively establish the offense to which a defendant necessarily pleaded guilty, the Court must assume that it was the less serious of the two offenses.

In this case, the plea agreement that Mr. Taylor signed was silent as to the predicate offense used to establish the "crime of violence" element. Nor did the court, in taking Mr. Taylor's guilty plea, identify the predicate offense on which the § 924(c) was based. Critically, however, the other offense to which Mr. Taylor pleaded guilty was the conspiracy offense, not the attempt offense.

Similarly, the statement of facts supporting Mr. Taylor's guilty plea did not establish the element with any certainty because the facts contained in the statement satisfy the elements of both Hobbs Act conspiracy and attempted Hobbs Act robbery. That the § 924(c) conviction could have rested on either offense, however, means that any factual admission to attempted Hobbs Act robbery was not necessary to the § 924(c) conviction, as the First, Eighth, and Ninth Circuits have ruled. And by analogy, cases finding jury verdicts to be ambiguous provide further support that the statement of facts cannot support Mr. Taylor's conviction.

Moreover, the contractual principles that apply to plea agreements require the same result. Because the plea agreement here is ambiguous as to which offense –

11

either Hobbs Act robbery or Hobbs Act conspiracy – served as the § 924(c) predicate, the ambiguity must be construed against the government. This means that the guilty plea must be construed as one for a § 924(c) offense predicated on Hobbs Act conspiracy, which in turn means the § 924(c) conviction is unconstitutionally void.

In short, it cannot be said with any certainty that Mr. Taylor's guilty plea to the § 924(c) offense necessarily rested on an attempt to commit Hobbs Act robbery (even assuming for sake of argument that this offense qualifies as a crime of violence). Consequently, the Court must assume that it rested on the less serious of the two predicate offenses, Hobbs Act conspiracy, to which, again, Mr. Taylor had pleaded guilty. And because Hobbs Act conspiracy is not a crime of violence, Mr. Taylor's § 924(c) conviction was obtained in violation of his constitutional rights.

II.     Regardless of the ambiguity of the plea, the Court must vacate Mr. Taylor's § 924(c) conviction because attempted Hobbs Act robbery cannot qualify as a crime of violence under § 924(c)'s definition of that term post-*Johnson* and *Davis*, particularly in light of the Court's decision in *United States v. Simms*. This is because if an attempt to commit Hobbs Act robbery does not qualify, and a conspiracy to commit Hobbs Act robbery does not qualify, then there is no valid crime of violence supporting Mr. Taylor's§ 924(c) conviction and it must be vacated.

In *Simms*, the en banc Court ruled that the inchoate offense of conspiracy which consists simply of the making of an agreement to do something illegal, does not have an element that invariably requires the actual, attempted, or threatened use of physical force. Accordingly, as a categorical matter, conspiracy can not qualify, as a crime of violence under § 924(c)(3)'s force clause, even if the conspiracy's object would qualify. And because § 924(c)(3)'s residual clause was unconstitutionally vague for the same reasons that the Supreme Court had struck down the residual clause in § 924(e)'s definition of "violent felony," Hobbs Act conspiracy could not qualify under the residual clause.

The same is true of an attempt to commit Hobbs Act robbery. All that the government need prove is that a defendant had an intent to rob and that he took a substantial step that corroborates the intent. But nothing in the substantial step element invariably requires any actual, attempted, or threatened use of force, for a substantial step can consist of conduct such as surveilling a robbery target, gathering tools for committing the robbery, or even simply discussing plans with other participants in the offense. Indeed, the Fourth Circuit has rejected the argument that a substantial step by itself involve force, violence, or intimidation. Other judges similarly have rejected that argument.

In short, because the force clause analysis for the inchoate offense of attempt is no different from the force clause analysis for the inchoate offense of conspiracy,

13

the same result must pertain:  an attempt to commit Hobbs Act robbery is no more a

crime of violence than a conspiracy to commit Hobbs Act robbery.  Therefore, Mr.

Taylor's § 924(c) conviction is not predicated on a valid offense, either conspiracy

or attempt, and it must be vacated.

## **ARGUMENT**

I.    MR. TAYLOR'S CONVICTION UNDER 18 U.S.C § 924(C) VIOLATES THE CONSTITUTION BECAUSE HOBBS ACT CONSPIRACY, THE LESS SERIOUS OF THE TWO UNDERLYING OFFENSES ALLEGED IN THE § 924(C) COUNT, IS NOT A CRIME OF VIOLENCE

   A.    <u>The Modified Categorical Approach Applies When a § 924(c) Count Alleges More Than One Underlying Offense as a Crime of Violence</u>

Section 924(c)(3) defines the term "crime of violence" as follows:

> For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
>
> (A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause, § 924(c)(3)(A), is commonly called the force clause, or the elements

clause.  The other, § 924(c)(3)(B), is known as the residual clause.

In determining whether an offense qualifies under the force clause, a court must "employ the categorical approach or the modified categorical approach." *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) (internal quotation marks omitted). Under the categorical approach, the court can only "look to whether the statutory elements of the offense *necessarily* require the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc) (emphasis added). For the limited purpose of "help[ing] to implement the categorical approach," in a "narrow range of cases," the court may look at a short list of judicial documents (as authorized by *Shepard v. United States*, 544 U.S. 13, 26 (2005)) to determine whether the defendant "necessarily" pleaded guilty to an offense that qualifies as a crime of violence. *Descamps v. United States*, 570 U.S. 254, 261, 262 (2013). This approach, known as the modified categorical approach, is also driven by the elements of the offense under consideration.

In *Descamps*, the Supreme Court clarified that a court may apply the modified categorical approach only if the relevant crime at issue is divisible. 570 U.S. at 260. An offense is divisible if it has alternative elements, and thus creates multiple crimes – some of which constitute a crime of violence and some of which do not. *Id.* at 260-61.[2] If a statute is divisible, the court may review *Shepard* documents

_____

[2] In this way, the modified categorical approach "acts not as an exception [to the categorical approach] but instead as a tool. It retains the categorical approach's central feature: a focus on the elements rather than the facts, of a crime." *Id.* at 263.

only to determine "which of the statute's alternative elements" necessarily formed

the basis of the defendant's conviction. *Id.* at 262.[3]

Further, under the modified categorical approach, a court cannot lawfully

make a "crime of violence" finding unless the *Shepard* documents establish with

"certainty" that the defendant "necessarily" pleaded guilty to elements constituting

a crime of violence. *Shepard*, 544 U.S. at 21-22, 23. "[P]lausibility or even

likelihood" that the defendant pleaded guilty to elements constituting a crime of

violence will not suffice. *United States v. Clay*, 627 F.3d 959, 967 (4th Cir. 2010).

This stringent standard comports with "[t]he point of the categorical inquiry" which

"is not to determine whether the defendant's conduct *could* support a conviction for

a crime of violence, but to determine whether the defendant was *in fact convicted* of

a crime that qualifies as a crime of violence." *Fuertes*, 805 F.3d at 498 (citation

omitted, emphasis added).

Given this demand for certainty, when the *Shepard* documents do not

conclusively establish the elements to which a defendant "necessarily" pleaded

guilty, the court must assume that the defendant pleaded guilty to the "least serious"

of the disjunctive elements of the statute. *United States v. Chapman*, 666 F.3d 220,

---

[3] These documents are the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant, a judge's factual findings in a bench trial, jury instructions, and comparable judicial records. *Shepard*, 544 U.S. at 13, 20, 26.

227 (4th Cir. 2012).  This is true even when a count in the indictment alleges the alternative elements in the conjunctive.

Critically, as the Fourth Circuit held in *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc), and again the next year in *Chapman*, 666 F.3d at 228, the mere fact that a count in an indictment charges alternative elements of a statute in the conjunctive – for example, a § 924(c) count that alleges both Hobbs Act robbery *and* Hobbs Act conspiracy as its predicates – does not mean that the defendant necessarily pleaded guilty to both sets of elements.  "Indictments often allege conjunctive elements that are disjunctive in the corresponding statute, and this does not require either that the government prove all of the statutorily disjunctive elements or that a defendant admit to all of them when pleading guilty."  *Vann*, 660 F.3d at 774 (quoting *Omari v. Gonzales*, 419 F.3d 303, 308 n.10 (5th Cir. 2005)).  Therefore, "when a defendant pleads guilty to a formal charge in the indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct" unless *Shepard* documents conclusively establish otherwise.  *Chapman*, 666 F.3d at 227-28.  And if the least serious of the disjunctive elements is broader than § 924(c)'s "crime of violence" definition, then the offense categorically fails to constitute a crime of violence and cannot support a § 924(c) conviction.

B.     <u>Under the Modified Categorical Approach, This Court Must Assume That Mr. Taylor's § 924(c) Conviction Was Predicated on Hobbs Act Conspiracy Because the *Shepard* Documents Fail to Establish That the Conviction Necessarily Rested on Attempted Hobbs Act Robbery</u>

Applying the categorical approach here, the Court must determine the alleged crime of violence upon which Mr. Taylor's § 924(c) conviction (Count Seven) was predicated. The alleged crime of violence in Count Seven was the Hobbs Act statute, which provides:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, *by robbery or extortion or attempts or conspires so to do*, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a) (emphasis added).

The Hobbs Act statute is divisible because it sets forth multiple crimes with alternative elements, including robbery, attempt to commit robbery, and conspiracy to commit robbery. Thus, because the statute includes alternative crimes, this Court must apply the modified categorical approach and review the available *Shepard* documents to determine which of the multiple crimes necessarily served as the basis for the § 924(c) count.

In this case, applying *Fuertes*, *Vann*, and *Chapman* – precedent which adheres to the Supreme Court's jurisprudence on the modified categorical approach in

*Shepard*, *Descamps*, and *Mathis v. United States*, 136 S. Ct. 2243 (2016) – this Court must assume that Mr. Taylor's § 924(c) conviction was predicated on Hobbs Act conspiracy. The Court must do so because even though the § 924(c) count in the indictment conjunctively alleged both attempted Hobbs Act robbery and Hobbs Act conspiracy as the relevant "crimes of violence," the plea agreement is completely silent on which of the two offenses necessarily served as the basis for the § 924(c) conviction, and neither the plea colloquy nor the statement of facts shed any more light on the matter.

   1. <u>The Plea Agreement and the Plea Colloquy Are Ambig-uous</u>

As just noted, the plea agreement is completely silent on which of the two offenses necessarily served as the basis for the § 924(c) conviction. *See* J.A. 32-33. Indeed, in reciting the elements of the offense charged in Count Seven, the plea agreement merely states that "Count Seven charges the defendant with the use and carry of a firearm during and in relation to a crime of violence" without specifying the "crime of violence" (whether attempted Hobbs Act robbery or Hobbs Act conspiracy) to which Mr. Taylor necessarily pled guilty. *Id.*

Nor can the conviction be saved by the court's questioning of Mr. Taylor during the plea colloquy. The court confirmed with Mr. Taylor that he was appearing before the court to plead guilty to Count Five, "conspiracy to interfere with commerce by threats and violence," and to Count Seven, "use and carrying a

firearm during and in relation to a crime of violence." J.A. 17-18. However, although the court "read through the Statement of Facts" and observed that "it does indeed outline each of the essential elements of the offenses charged against Mr. Taylor," J.A. 24, the court never reviewed with Mr. Taylor what those elements were. Nor did the court identify a predicate offense for the § 924(c) charge.

Given the silence of the plea agreement and in the plea colloquy, it was perfectly reasonable for Mr. Taylor to believe that he was pleading to a § 924(c) offense predicated on Hobbs Act conspiracy considering that the only other offense to which he pleaded guilty was Hobbs Act conspiracy – not attempted Hobbs Act robbery.

### 2. The Statement of Facts Is Just as Unclear

Turning to the factual basis for the plea, as set out in the written statement of facts, J.A. 48-51, it provides no more clarity than the plea agreement and plea collo, and thus does not satisfy *Shepard*'s demand for "certainty." *Shepard*, 544 U.S. at 21. This is because the facts in the statement – which describe the person who actually attempted to commit the robbery as "the Coconspirator" – satisfy the elements of both attempted Hobbs Act robbery *and* Hobbs Act conspiracy. Therefore, the § 924(c) conviction *could have* rested on *either* Hobbs Act robbery *or* Hobbs Act conspiracy. This, in turn, means that any factual admission to the commission of Hobbs Act robbery was not *necessary* to the § 924(c) conviction.

Indeed, the guilty plea to the § 924(c) conviction would have sufficed without any reference to attempted Hobbs Act robbery. This Court must therefore assume that Mr. Taylor's § 924(c) conviction rested on the lesser of the two offenses – which is Hobbs Act conspiracy. Accordingly, because Hobbs Act conspiracy is not a crime of violence, Mr. Taylor's § 924(c) conviction is void and must be vacated.

3. <u>Decisions From Other Courts Support Confirm That the Statement of Facts Cannot Save Mr. Taylor's § 924(c) Conviction</u>

Decisions from other courts confirm this analysis. In particular, the Eighth Circuit's decision in *United States v. Horse Looking*, 828 F.3d 744 (8th Cir. 2016), and the First Circuit's decision in *United States v. Kennedy*, 881 F.3d 14 (1st Cir. 2018) (which applied the principles announced in *Fuertes*, *Vann*, *Chapman*, *Shepard*, *Mathis*, and *Davis*) are directly on point. These well-reasoned decisions hold that when the factual basis for the plea satisfies the elements of two crimes – one that qualifies as a crime of violence and one that does not – a court cannot conclude that the defendant was "necessarily" convicted of the qualifying crime unless there is an explicit statement in the plea agreement that the defendant is pleading guilty to the elements of the qualifying offense.

a. <u>The Eighth Circuit and *United States v. Horse Looking*</u>

Beginning with *Horse Looking*, at issue was whether the defendant's prior conviction under a South Dakota assault statute qualified as a domestic crime of

21

violence under 18 U.S.C. § 922(g)(9). 828 F.3d at 747. The South Dakota statute contained several subsections – three of which were charged in the indictment. *Id.* Two of these subsections (subsections one and five) qualified as domestic crimes of violence under § 922(g)(9), whereas one of these subsections (subsection four) did not. *Id.* The defendant pleaded guilty to the charging document that contained all three subsections, but the plea agreement did not specify to which of the three subsections the defendant was pleading guilty. *Id.* Nonetheless, the statement of facts to which the defendant admitted as a part of the plea agreement satisfied the elements of both subsection five (which constituted a domestic crime of violence) *and* subsection four (which did not constitute a domestic crime of violence). *Id.* at 747-48.

However, the Eighth Circuit found that the factual admissions were not enough to find that the guilty plea "*necessarily*" rested on subsection five. *Id.* at 748-49. The appellate court reasoned that "the plea colloquy establishes that Horse Looking *could have been* convicted under subsection (5). … But the colloquy *does not exclude the possibility* that Horse Looking was convicted under subsection (4)." *Id.* at 748 (emphasis added). The court elaborated that "[i]t is clear that Horse Looking admitted using physical force against his wife, and that he *could have been* found guilty of a crime that has, as an element, the use of force against the wife. But the judicial record does not establish that Horse Looking necessarily *was convicted*

of an assault that has the required element." *Id.* at 749. Ultimately, then, because "the state court did not specify which alternative was the basis for conviction," the Eighth Circuit determined that the government could not establish that Horse Looking had been convicted of a "misdemeanor crime of domestic violence." *Id.* That Horse Looking "could have" been convicted of a qualifying offense, the court said, did not meet the Supreme Court's repeated, "demand for certainty" when it came to determining whether a defendant had, in fact, been previously convicted of a qualifying predicate offense. *Id.* In turn, the court assumed that the defendant was convicted for the non-qualifying assault, which did not constitute a crime of violence. *Id.*

Mr. Taylor's case presents the same problem as *Horse Looking*, and this Court should resolve it in the same way. Here, as in *Horse Looking*, Mr. Taylor pleaded guilty to a charging document that contained both a purportedly qualifying offense (attempted Hobbs Act robbery) and the non-qualifying offense (Hobbs Act conspiracy) as the basis for the § 924(c) charge. Also, like *Horse Looking*, Mr. Taylor admitted to conduct that satisfied the elements of both the purportedly qualifying offense and the non-qualifying offense. And as in *Horse Looking*, nothing in the plea agreement specified that Mr. Taylor was pleading guilty to a § 924(c) offense predicated on the elements of attempted Hobbs Act robbery rather than Hobbs Act conspiracy; therefore, the record does not exclude the possibility

that Mr. Taylor was convicted for § 924(c) predicate that rested on Hobbs Act conspiracy. Consequently, like the Eighth Circuit, this Court must conclude that Mr. Taylor's § 924(c) conviction was not necessarily predicated on attempted Hobbs Act robbery. In turn, this Court must assume that Mr. Taylor's § 924(c) conviction rested on Hobbs Act conspiracy, which is not a crime of violence.

b.      The First Circuit and *United States v. Kennedy*

The First Circuit's decision in *Kennedy*, 881 F.3d at 21-24, leads to the same result. In that case, at issue was whether the defendant's prior conviction for Massachusetts assault and battery with a dangerous weapon (ABDW) qualified as a "serious violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). *Id.* at 19. ABDW comes in two forms, which the First Circuit assumed had alternative elements: (1) an intentional assault (which qualifies as a serious violent felony) and (2) a reckless assault (which does not). *Id.* The charging document to which the defendant pleaded guilty alleged facts that appeared to constitute both an intentional assault and a reckless assault. *Id.* at 20. But the plea colloquy did not make explicit that the defendant was pleading guilty to an intentional assault versus a reckless assault. *Id.* Nonetheless, the facts to which the defendant admitted "plainly describe[d] conduct that one would perform intentionally." *Id.*

The First Circuit, however, held that the guilty plea did not necessarily rest on an intentional assault because it could have rested on a reckless assault. *Id.* at 21. That the facts in the guilty plea could have also rested on an intentional assault was not enough to determine that the guilty plea in fact was predicated on intentional assault. *Id.* The court reasoned that "the relevant inquiry does not train on ascertaining whether Kennedy admitted facts that could support a conviction for intentional ABDW." *Id.* (citing *Mathis*, 136 S. Ct. at 2254, which explained that "the modified categorical approach is not to be repurposed as a technique for discovering whether a defendant's prior conviction … rested on facts … that also should have satisfied the elements of a generic offense"). Rather, "we look at record documents to determine the elements of the offense for which Kennedy was [in fact] convicted." *Kennedy*, 881 F.3d at 21.

As the First Circuit explained, "Our analysis presumes that defendants may admit to facts that are not necessary to support a conviction on the charge brought against them." *Id.* at 23. The court looked to the Supreme Court's decisions in *Mathis* and *Descamps* in presuming as much. *Id.* In those cases, the Supreme Court explained that a defendant may admit to facts unnecessary to satisfy the elements of the conviction because he or she "may have no incentive to contest what does not matter under the law." *Mathis*, 136 S. Ct. at 2253; *Descamps*, 570 U.S. at 270.

The *Kennedy* court further explained that under some circumstances, "it is especially likely that a defendant will admit to additional facts above and beyond those necessary for his conviction." *Kennedy*, 881 F.3d at 23. For example, "where [] there is no clear difference in the sentencing range for the various forms of the offense, the defendant has no incentive to clarify the nature of the admission." *Id.* Consequently, surplusage in factual statements (i.e., facts not necessary to establish the elements of the offense of conviction) cannot be used to determine the offense to which the defendant necessarily pleaded guilty.[4] The First Circuit applied this reasoning to find that the record in the case did "not plainly show that Kennedy pled guilty" to intentional assault (despite his admission to facts constituting an intentional assault). *Id.* at 24.

The same reasoning applies here. Mr. Taylor had no incentive to contest the facts in the plea agreement aligning with Hobbs Act robbery because they were not necessary to his § 924(c) conviction. There was a sufficient factual basis for the

---

[4] "Another way to think about this question is to consider the plea context as analogous to trial. The Supreme Court has made clear that the modified categorical approach applies in both situations, and in the same manner." *Kennedy,* 881 F.3d at 22. "Neither *Taylor* nor *Shepard* allows courts to look to trial testimony for the facts presented or admitted to by the defendant. That was exactly what the Supreme Court sought to avoid by imposing the categorical approach in the first place." *Id.* "This analogy to tried cases should guide our application of the modified categorical approach in plea cases." *Id.* "We can look to the plea colloquy … but not for statements and admissions of the type that might show up in testimony at trial. Rather, we are looking for something that resembles what we would find in a charging document or jury verdict in a tried case." *Id.*

§ 924(c) conviction based solely on the Hobbs Act conspiracy. Nothing more was required. And there is no difference in the sentencing range for a § 924(c) conviction predicated on attempted Hobbs Act robbery versus a § 924(c) conviction predicated on Hobbs Act conspiracy – the authorized punishment under § 924(c)(1)(A) is the same. This is yet another reason why Mr. Taylor had no incentive to limit the nature of his factual admissions to Hobbs Act conspiracy.

c. The Ninth Circuit and *United States v. Marcias-Acosta*

Consistent with *Horse Looking* and *Kennedy*, the Ninth Circuit's decision in *United States v. Marcia-Acosta*, 780 F.3d 1244 (9th Cir. 2015), further reinforces that a court cannot predicate a "crime of violence" finding based on factual admissions unnecessary to satisfying the elements of the offense of conviction. At issue in *Marcia-Acosta* was whether a prior Arizona conviction for an aggravated assault qualified as a "crime of violence" under the Sentencing Guidelines. *Id.* at 1252-53. The Ninth Circuit assumed that the aggravated assault statute was divisible with alternative elements: an intentional *mens rea* that constituted a "crime of violence" and a reckless *mens rea* that did not. *Id.* Therefore, the court applied the modified categorical approach.

The Ninth Circuit concluded, however, that the *Shepard*-authorized documents failed to establish that the defendant necessarily pled guilty to an aggravated assault with an intentional *mens rea* element. *Id.* The court held as such

even though during the plea hearing, the defendant admitted, through counsel, that

he intentionally assaulted the victim. *Id.* at 1252. The court reasoned that the factual

admission was not *necessary* to the aggravated assault conviction; therefore,

*Descamps* prohibited the court from finding that the defendant necessarily pled to

an aggravated assault offense with an intentional *mens rea* element:

> Indeed, this case clearly illustrates the concerns underlying *Descamps*. As a matter of state law, Marcia-Acosta's conviction under [the Arizona aggravated assault statute] could have been supported by a finding of recklessness. Marcia-Acosta was not required to admit he acted knowingly or intentionally. And the trial judge had no reason to so find; under the circumstances of this case, whether the conviction was for "intentional" or "reckless" aggravated assault would not have altered the conviction nor the sentencing consequences. Thus, it made no difference during the plea hearing whether he acted with one or other mental state. Like the defendant in *Descamps*, "[Marcia Acosta] may have let [his attorney's] statement go by because it was irrelevant to the proceedings [whether he was reckless, knowing or intentional]. He likely was not thinking about the possibility that his silence could come back to haunt him in [a later] sentencing." *Descamps,* 133 S. Ct. at 2289.

*Id.* at 1252-53.

4.      Cases Finding Jury Verdicts to Be Ambiguous Provide
        Further Support

Finally, several other decisions, each of which is consistent with the Fourth

Circuit's decisions in *Vann* and *Chapman* (albeit involving ambiguous jury

verdicts), further confirm the ambiguity of the plea in this case. For example, in *In*

*re Gomez,* 830 F.3d 1225 (11th Cir. 2016), the defendant was convicted of an indictment charging a § 924(c) offense based on multiple predicate offenses (including Hobbs Act robbery and Hobbs Act conspiracy). *Id.* at 1227. But the general verdict form was ambiguous because it did not reveal the particular predicate upon which the § 924(c) conviction necessarily rested. *Id.* The Eleventh Circuit found that a "crime of violence" finding could not be predicated on this ambiguous verdict. *Id.*

Similarly, the district court in Montana vacated a § 924(c) conviction where the *Shepard* documents failed to reveal whether the jury verdict on the § 924(c) offense rested on Hobbs Act robbery or Hobbs Act extortion. *United States v. Lettiere*, 2018 WL 3429927, at \*4 (D. Mont. July 16, 2018).

The court in the Eastern District of Virginia reached the same result in *United States v. McCall*, 2019 WL 4675762, at \*6-7 (E.D. Va. Sept. 25, 2019). In that case, the court had instructed the jury that it could find § 924(c) guilt on either a conspiracy offense (that did not constitute a crime of violence) or an assault with a dangerous weapon offense (that did constitute a crime of violence). Because the jury instructions (the relevant *Shepard* document) authorized a § 924(c) verdict on conspiracy, the court vacated the conviction post-*Davis*.

Most recently, the court in the Western District of Virginia likewise reached the same result in *United States v. Berry*, 2020 WL 591569 (W.D. Va. Feb. 6, 2020),

after the government conceded that "the jury instructions allowed for a [§ 924(c)] conviction on either conspiracy or attempted Hobbs Act robbery, and the jury verdict was a general verdict which [did] not specify which was the basis for the conviction." *Id.* at \*3. "Indeed, as the United States has conceded," the court explained, "there is no means of establishing whether the conviction was for attempt – which could qualify as a crime of violence – as opposed to conspiracy – which does not qualify as a crime of violence under *Simms.*" *Id.* (quotations omitted). Therefore, the court vacated the § 924(c) conviction.

Although these cases involved ambiguous jury verdicts, that makes no difference here. The elements-based modified categorical approach applies equally, and in the same manner, to both the jury trial and the guilty plea context. *See Kennedy*, 881 F.3d at 22 ("Another way to think about this question is to consider the plea context as analogous to trial. … This analogy to tried cases should guide our application of the modified categorical approach in plea cases."); *Vann*, 660 F.3d at 776 (in guilty plea case, observing that "if Vann had gone to trial in the underlying cases, any resulting conviction could only be used as an ACCA predicate conviction if the jury had returned a special verdict (or answered an interrogatory) specifically finding him guilty of violating subsection (a)(2) of the Statute"); *see also Benitez v. United States*, 2017 WL 2271504, at \*6 (S.D. Fla. April 6, 2017) (applying *Gomez*'s

reasoning to guilty plea and granting defendant's § 2255 motion). Accordingly, the same reasoning applies to the ambiguous guilty plea in Mr. Taylor's case.

    C.    <u>Contractual Principles Require the Court to Construe the Ambiguity in the Plea Agreement Concerning the § 924(c) Predicate Against the Government</u>

Independent of the modified categorical analysis discussed above, it is well settled that any ambiguity in a plea agreement must be construed against the government. In construing plea agreements, courts rely on general contract law principles. *See United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986). But given the context – the waiver of a defendant's constitutional right to trial and the implications for "public confidence in the fair administration of justice" – courts analyze plea agreements with special scrutiny. *Id.* (quoting *United States v. Carter*, 454 F.2d 426, 428 (4th Cir. 1972)). The result is that the law governing the interpretation of plea agreements is an "amalgam of constitutional, supervisory, and private law concerns." *Id.* These concerns "require holding the Government to a greater degree of responsibility than the defendant" for any imprecision in a plea agreement, so that ambiguities are construed against the government. *Id.* Therefore, any ambiguity with respect to the offense to which a defendant pleaded guilty must be construed against the government and in favor of the defendant. *See Benitez v. United States*, 2017 WL 2271504, at *6 (S.D. Fla. Apr. 6, 2017) ("[W]hile the plea agreement is clear that [the defendant] pled only to the offense of possession of a

31

firearm in furtherance of a crime of violence, even if the plea agreement was ambiguous, such ambiguity 'must be read against the government.'" (citing *Harvey*, 791 F.2d at 303)).

Applying these principles of plea agreement interpretation to Mr. Taylor's case, it is apparent that the silence of the plea agreement as to which offense, Hobbs Act conspiracy or attempted Hobbs Act robbery, necessarily served to establish the "crime of violence" element must be construed against the government. Thus, under the modified categorical approach, the plea agreement provides no answer to the question at hand.

D. The District Court Erroneously Relied on *United States v. Doyle* and *United States v. Hare* to Avoid Addressing Mr. Taylor's Ambiguity Argument

In its memorandum opinion, the district court in this case concluded that Mr. Taylor's "conviction remains valid after *Johnson* and its progeny because it was predicated" on the attempted Hobbs Act robbery "charged in Count Six." J.A. 152. The court then cited two cases: *United States v. Doyle*, 2019 WL 3225705, at *3-4 (E.D. Va. July 17, 2019) (finding § 924(c) conviction valid when based on both conspiracy to commit Hobbs Act robbery and Hobbs Act robbery), and *United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016) (explaining that "the court need not reach the merits of this argument … [because]" a § 924(c) conviction predicated on

both conspiracy to commit Hobbs Act robbery and in furtherance of a drug trafficking crime is not affected by *Johnson*).  J.A. 152.

In *Doyle*, the district court addressed whether attempted Hobbs Act robbery constitutes a crime of violence and concluded that it does.  2019 WL 3225705, at *3-4.  For the reasons argued below, however, attempted Hobbs Act robbery does not qualify as a crime of violence.  Further, because the court was considering the issue in the context of a motion to dismiss the indictment that was filed before any entry of a guilty plea, the court had no reason to address the ambiguity issue.

*Hare* is likewise inapposite.  In *Hare*, a case that went to trial, there simply was no ambiguity about the predicate offense as the jury explicitly found in a special verdict form that each § 924(c) conviction was based on a crime of violence and also on a drug trafficking predicate.  820 F.3d at 105-06.  In other words, the jury unanimously found that the defendants were guilty of the § 924(c) offenses based on a crime of violence, and, likewise, unanimously found that the defendants were guilty of the § 924(c) offenses based on drug trafficking.  Only under these very explicit findings did the Fourth Circuit hold that the defendants' convictions rested on both the crime-of-violence and drug-trafficking predicates.

In stark contrast, there is nothing in Mr. Taylor's plea agreement to establish that his § 924(c) conviction was predicated on attempted Hobbs Act robbery.  Quite the opposite, as the plea agreement does not identify any predicate offense for the

§ 924(c) charge; nor does the agreement describe the elements required to establish a § 924(c) violation. There are no checked boxes for either attempted Hobbs Act robbery or Hobbs Act conspiracy. Therefore, *Hare*, by contrast, only highlights the ambiguity in Mr. Taylor's case – an ambiguity that falls far outside of the certainty required for this Court to conclude that the § 924(c) conviction here necessarily rested on attempted Hobbs Act robbery – if attempted Hobbs Act robbery were a qualifying crime of violence.

* * * * *

In sum, because it cannot be said with certainty that Mr. Taylor's guilty plea to the § 924(c) charge *necessarily* rested on attempted Hobbs Act robbery as opposed to Hobbs Act conspiracy (the other offense to which he pleaded guilty and thus would have reasonably believed to be the predicate for the § 924(c) conviction), the Court must assume that Mr. Taylor's § 924(c) conviction was predicated on the less serious of the two offenses[5] alleged in Count Seven, i.e., the conspiracy. *Shepard*, *Fuertes*, *Vann*, *Chapman*, *Horse Looking*, and *Kennedy* all dictate this result. And because Hobbs Act conspiracy categorically fails to qualify as a crime

---

[5] In the specialized context of the categorical and modified categorical analysis applicable to the predicate offense element of a § 924(c) violation, conspiracy is the lesser of the two offenses here because it cannot give rise to a § 924(c) conviction. And for the reasons argued in Part II, the remaining purported crime of violence, attempted Hobbs Act robbery, does not qualify as a predicate either.

of violence under § 924(c), Mr. Taylor's conviction on Count Seven cannot be sustained. To find the opposite would not only conflict with *Shepard*, *Fuertes*, *Vann*, and *Chapman*, but also would create a circuit split.

II.   A § 924(C) CONVICTION PREDICATED ON ATTEMPTED HOBBS ACT ROBBERY VIOLATES *JOHNSON* AND *DAVIS* BECAUSE ATTEMPTED HOBBS ACT ROBBERY DOES NOT CATEGORICALLY QUALIFY AS A CRIME OF VIOLENCE

Mr. Taylor's § 924(c) conviction for using a firearm during and in relation to a crime of violence is further void because the "crime of violence" element cannot be satisfied here. It cannot be met because the predicate offense of attempted Hobbs Act robbery does not qualify as a crime of violence as a matter of law, just as Hobbs Act conspiracy does not qualify.

As indicated at the outset of the preceding argument, § 924(c) defines the term "crime of violence" using two clauses, the force clause and the residual clause. Again, the force clause require that an offense "has an element the use, attempted use, or threatened use of physical force against the person or property of another" to qualify as a crime of violence. 18 U.S.C. § 924(c)(3)(A).

Because the Supreme Court in *Davis* held that § 924(c)'s residual clause is unconstitutionally vague in violation of the Due Process Clause, it goes without saying that attempted Hobbs Act robbery cannot be deemed a crime of violence under that residual clause. Likewise, even though completed Hobbs Act robbery qualifies under § 924(c)(3)'s force clause, *see United States v. Mathis*, 932 F.3d 242,

265-66 (4th Cir. 2019), attempted Hobbs Act robbery does not, for the same reasons that conspiracy to commit Hobbs Act robbery does not qualify under that clause.

A. Under the Categorical Approach, an Attempted Hobbs Act Robbery Fails to Satisfy the Force Clause Because, Like Conspiracy, It Does Not Invariably Require the Actual, Attempted, or Threatened Use of Force

As explained above, in determining whether an offense qualifies as a crime of violence under § 924(c)'s force clause, a court must use the categorical approach, under which the court determines whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force. In other words, the categorical approach requires that courts "consider only the crime as defined, not the particular facts in the case." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc).[6] Moreover, the physical force required under the force clause must be violent force – that is "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). "When a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause." *Simms*, 914 F.3d at 233.

---

[6] In addition, under the categorical approach, an offense can qualify as a crime of violence only if all of the criminal conduct covered by a statute – "including the most innocent conduct" – matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a crime of violence, then the statute categorically fails to qualify as a crime of violence.

In *Simms*, the Fourth Circuit found that conspiracy to commit Hobbs Act robbery requires the government to "prove only that the defendant agreed with another to commit actions, which if realized would violate the Hobbs Act." 914 F.3d at 233-34. The Court concluded that "[s]uch an agreement does not *invariably* require the actual, attempted, or threatened use of physical force." *Id.* at 234 (emphasis added).

An attempted Hobbs Act robbery similarly fails to satisfy the force clause because, like a conspiracy, it does not "invariably require the actual, attempted, or threatened use of force." To prove an attempted Hobbs Act robbery, the government is required to show only that the defendant (1) had "culpable intent to commit" the robbery and (2) "took a substantial step towards completion of the crime that strongly corroborates that intent." *United States v. Engle*, 676 F.3d 405, 419-20 (4th Cir. 2012). Thus, a person can be convicted of an attempted Hobbs Act robbery without even arriving at the location of the planned robbery, much less using or attempting or threatening to use physical force. *E.g.*, *United States v. Turner*, 501 F.3d 59, 68-69 (1st Cir. 2007) (defendant and coconspirators planned robbery, surveilled target, prepared vehicles, and gathered at designated meeting point); *United States v. Villegas*, 655 F.3d 662, 68-69 (7th Cir. 2011) (evidence of attempted Hobbs Act robbery sufficient where defendant had discussed robbery with codefendant the day before and arrived at pre-arranged meeting place, where he gave

codefendant tools for getaway); *United States v. Wrobel*, 841 F.3d 450, 454-55 (7th Cir. 2016) (defendants made plans to travel from Chicago to New York to commit a robbery but were arrested before they reached New York); *United States v. Holland*, 503 F. App'x 737 (11th Cir. 2013) (upholding conviction for attempted Hobbs Act robbery of stash house where defendant was arrested at warehouse before arriving at planned location of robbery).  Consequently, before *Johnson*, an attempted Hobbs Act robbery qualified as a violent felony under the residual clause.  *See United States v. Prince*, 772 F.3d 1173 (9th Cir. 2014) (holding that California attempted robbery qualified as violent felony under ACCA's residual clause, without consideration under force clause, after applying same residual clause analysis court had used previously for Nevada conspiracy to commit robbery).

As these examples illustrate, and as the Fourth Circuit has long made clear, the substantial step does not itself require attempted force, violence, or intimidation.  In *United States v. McFadden*, 739 F.2d 149 (4th Cir. 1984), the Court specifically addressed an argument by the defendants that "force and violence or intimidation must accompany the attempt to take property," not just the actual taking, in order for them to be convicted of attempted federal bank robbery.[7]  The

---

[7] The federal bank robbery statute provides that "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another" money or other property belonging to or in the custody of a bank faces up to 20 years in prison.  18 U.S.C. § 2113(a).  Similarly, the Hobbs Act provides that that "[w]hoever in any way or degree obstructs, delays, or affects commerce …

Fourth Circuit found that the government did *not* have to prove an attempted use of force, but merely a substantial step toward the commission of the completed offense. In so ruling, the Court gave several examples of acts that are sufficient to constitute a substantial step:

> Various activities which may be considered a substantial step …, when strongly corroborative of the actor's criminal purpose, include lying in wait, reconnoitering the place contemplated for the commission of the crime, possession of materials to be employed in the commission of the crime, and possession and collection of materials to be employed in the commission of the crime at or near the place contemplated for its commission, where such possession and collection serve no lawful purpose of the actor under the circumstances.

739 F.2d at 152. But none of these examples (or the illustrative cases from other circuits cited *supra*), while sufficient to sustain an attempt conviction, *necessarily require* the actual, attempted, or threatened use of physical force, as mandated by the categorical approach.

Put another way, the force clause analysis for attempt is no different from the force clause analysis that the Fourth Circuit used in *Simms* to hold that conspiracy does not constitute a crime of violence. Again, in *Simms*, the en banc Court held

---

by robbery or extortion or attempts to conspires to do so" faces up to 20 years in prison. 18 U.S.C. § 1951(a). For purpose of the Hobbs Act, "[t]he term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future …." 18 U.S.C. § 1951(b)(1).

that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence because it "does not *invariably* require the actual, attempted, or threatened use of force." 914 F.3d at 233-34 (emphasis added). Just like attempted Hobbs Act robbery, conspiracy to commit Hobbs Act robbery requires that the government prove the defendant's intent to commit every element of Hobbs Act robbery, because it requires the government to "prove that the defendant agreed with at least one other person to commit" every element of Hobbs Act robbery. *United States v. Strayhorn*, 743 F.3d 917, 925 (4th Cir. 2014). But *Simms* makes clear that mere *intent* to commit each element of a substantive offense is not enough to transform an inchoate offense such as conspiracy or attempt into a crime of violence, even when corroborated through an overt act or substantial step, because nothing in the elements of either inchoate offense requires that act or step to involve violent physical force.

Moreover, consistent with *Simms* and *McFadden*, and as further discussed below, several district courts have found that attempted Hobbs Act robbery does not have an element requiring the attempted use of violent physical force. They have reached that conclusion because attempted Hobbs Act robbery can be committed by reconnoitering, planning a robbery off-site, possessing tools off-site – all actions that do not require the use of attempted use of force.

40

## B. Courts Reaching the Contrary Result Improperly Convert *Intent* to Commit an Offense Into *Attempt* to Commit That Offense

To be sure, some courts have reached a contrary conclusion with respect to attempted Hobbs Act robbery, finding that it does qualify as a crime of violence under § 924(c)'s force clause because a completed Hobbs Act robbery qualifies. *See United States v. St. Hubert*, 909 F.3d 335, 352-53 (11th Cir. 2018) (*St. Hubert II*) (relying on *United States v. Hill*, 877 F.3d 717, 719 (7th Cir. 2017)).[8] *St. Hubert* and decisions like it, however, not only pre-date *Simms* but also rely on a faulty premise.

As Judge Jill Pryor has explained at some length, "Logic permits no inference from the fact of a conviction for an attempt crime that the person attempted to commit every element of the substantive offense." *United States v. St. Hubert*, 918 F.3d 1174, 1212 (11th Cir. 2019) (*St. Hubert III*) (J. Pryor, J., dissenting from denial of rehearing en banc) (emphasis in original). "The panel was able to bridge this logical gap," she continued, "only by converting *intent* to commit each element of the substantive offense (proof of which is necessary to convict someone of an

---

[8] The Fourth Circuit has also held, in the context of a different offense, attempted assault with a deadly weapon with intent to kill, that an attempt to commit an offense that qualifies as a violent felony qualifies under 18 U.S.C. § 924(e)'s force clause if the completed offense qualifies. *United States v. Holland*, 749 F. App'x 162, 165-66 (4th Cir. 2018). But *Holland* was an unpublished decision decided without benefit of oral argument before *Simms* held that conspiracy to commit a violent crime does not qualify under § 924(c)'s force clause. The Court should give little, if any, weight to *Holland*.

41

attempt crime) into *attempt* to commit each element of the substantive offense (which is not necessary to convict someone of an attempt crime)." *Id.* But "[*i*]*ntending* to commit each element of a crime involving the use of force simply is not the same as *attempting* to commit each element of that crime. *Id.* In her view, it is only "[b]y the alchemy of transmuting intent to commit each element into attempt to commit each element" that "the panel conjured the conclusion that anyone convicted of an attempt to commit a crime involving force must have been found beyond a reasonable doubt to have attempted to use force. That's the logical flaw." *Id.*; *see also id.* at 1197 (Wilson, J., dissenting from denial of rehearing en banc); *id.* at 1200 (Martin, J., dissenting from denial of rehearing en banc).

Judge Pryor also pointed out a legal flaw: that the "transformation of an attempted offense into an attempt to commit each element of the offense does not align with the actual elements of an attempt offense." 918 F.3d at 1212. As she noted (consistent with this Court in *McFadden*), in the case of attempted robbery, "overt acts might include renting a getaway van, parking the van a block from the bank, and approaching the bank's door before being thwarted – without having used, attempted to use, or threatened to use force." *Id.* Continuing, Judge Pryor posited,

> Would this would-be robber have *intended* to use, attempt to use, or threaten to use force? Sure. Would he *necessarily* have attempted to use force? No. So an individual's conduct may satisfy all the elements of an attempt to commit an elements-clause offense without anything more than intent to use elements-clause force and

42

> some act (in furtherance of the intended offense) that does not involve the use, attempted use, or threatened use of such force. The panel opinion's conclusion that an attempt to commit a crime of violence necessarily is itself a crime of violence simply does not hold up.

*Id.* (first emphasis in original, second emphasis added).

Other courts agree with Judge Pryor's assessment. In *United States v. Tucker*, for example, the district court observed that the "broad rulings" in *St. Hubert* and *Hill*, which create "an absolute rule (i.e. that an attempt to commit any violent crime will necessarily be itself a violent crime)[,] seem[] at odds with the requirements of the categorical analysis in which a court must examine the minimum criminal conduct necessary for conviction under a particular statute." 2020 WL 93951, at *6 (E.D.N.Y. Jan. 8, 2020) (internal quotation marks and citation omitted). For this reason, the court "concur[red] with Judge Pryor and two other judges of the 11th Circuit that, 'it is incorrect to say that a person necessarily attempts to use physical force within the meaning of 924(c)'s elements clause just because he attempts a crime that, if completed would be violent.'" *Id.* at *6 (quoting *St. Hubert*, 918 F.3d at 1212 (J. Pryor, J., dissenting from denial of rehearing en banc)). The *Tucker* court also agreed with the district court in Connecticut that "given the broad spectrum of attempt liability, 'the elements of attempt to commit robbery could clearly be met

without any use, attempted use, or threatened use of violence.'" *Id.* (quoting *United States v. Alfonso*, 2019 WL 1916199, at \*3 (D. Conn. Apr. 30, 2019)).[9]

Two other courts have joined with *Tucker* in rejecting the majority position in *St. Hubert* and agreeing instead with Judge Pryor's reasoning. In *United States v. Lofton*, the district court observed that "what is missing from *St. Hubert II* is a true application of the categorical approach" and, further, that "[t]he district court cases that have favorably relied on *St. Hubert II* likewise have not applied the requisite categorical approach." 2020 WL 362348, at \*7 (W.D.N.Y. Jan. 22, 2020). And in *United States v. Cheese*, based in part on Judge Pryor's dissent, the district court rejected the government's position, concluding that "ultimately, [it] is at odds with the principle outlined in *Davis* that inchoate crimes – such as conspiracy or attempt – cannot be crimes of violence under the Elements Clause because they do not require as an element of the offense the use, attempted use, or threatened used of force." 2020 WL 705217, at 3, 4 (E.D.N.Y. Feb. 12, 2020).

Finally, the Fourth Circuit's decision in *United States v. Dinkins* underscores that for an inchoate offense to satisfy the force clause, the inchoate offense itself must require proof that every element of the substantive crime of violence was actually committed. 928 F.3d 349, 359 (4th Cir. 2019). In *Dinkins*, the Fourth

---

[9] In *Alfonso*, the district court recognized that an attempt to violate a Connecticut statute that is substantively identical to Hobbs Act robbery does not qualify as a crime of violence under the Sentencing Guidelines.

Circuit concluded that being an accessory before the fact to a violent felony itself qualifies as a violent felony because "[a]n element of being an accessory before the fact is that 'the principal committed the [underlying] offense.'" *Id.* at 358 (quoting *State v. Woods*, 297 S.E.2d 574, 577 (N.C. 1982); *State v. Saults*, 242 S.E.2d 801, 804 (N.C. 1978)). That fact was critical to the *Dinkins* Court's conclusion that accessory before the fact to a violent felony is also a violent felony: the Court explained that "[t]his fact distinguishes Dinkins' conviction as an accessory before the fact from other inchoate offenses, such as conspiracy, which do not require that the object crime be completed." *Id.* at 359 n.7. The absence of that fact is critical to the Court's analysis of attempt to commit a violent felony or crime of violence, which similarly "do[es] not require that the object crime be completed."

* * * * *

To sum up, as with conspiracy, the government can establish an attempt offense without proving that the object crime was completed. The government is only required to prove (1) intent to commit Hobbs Act robbery and (2) "a substantial step towards completion of the crime that strongly corroborates that intent." *Engle*, 676 F.3d at 419-20. Under *Simms* and *Dinkins*, therefore, attempted Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of force.

Because *Davis* invalidated § 924(c)(3)(B) and because attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A), Mr. Taylor has now been convicted of an offense on Count Seven that is no longer criminal. His conviction therefore violates the United States laws and results in a miscarriage of justice. *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

## <u>CONCLUSION</u>

For the reasons set forth above, Mr. Taylor respectfully asks this Court to reverse the district court's denial of his § 2255 motion. Mr. Taylor further asks that the Court remand the case with instructions to the district court to vacate his § 924(c) conviction on Count Seven and conduct a resentencing hearing.

Respectfully submitted,

GEREMY C. KAMENS
Federal Public Defender
for the Eastern District of Virginia

s/ Frances H. Pratt
Frances H. Pratt
Laura J. Koenig
Assistant Federal Public Defenders
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Fran_Pratt@fd.org
Laura_Koenig@fd.org

Dated March 30, 2020

## REQUEST FOR ORAL ARGUMENT

To counsel's present knowledge, the Fourth Circuit has not addressed the issues presented by this case post-*Simms*. Counsel for appellant accordingly asserts that the issues raised in this brief may be more fully developed through oral argument, and respectfully requests the same.

# <u>CERTIFICATE OF COMPLIANCE</u>

1.      This Opening Brief has been prepared using Microsoft Word 2016 software, Times New Roman font, 14-point proportional type size.

2.      EXCLUSIVE of the corporate disclosure statement, table of contents, table of authorities, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains no more than 13,000 words, specifically 11,423 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

<table>
<tr><td>March 30, 2020</td><td>s/   Frances H. Pratt</td></tr>
<tr><td>Date</td><td>Frances H. Pratt<br>Assistant Federal Public Defender</td></tr>
</table>