

U.S. Department of Justice



*United States Attorney*
*Eastern District of Virginia*

*Richard D. Cooke*
*919 East Main Street, Suite 1900*
*Richmond, Virginia 23219*
*(804) 819-5471*
*richard.cooke@usdoj.gov*

August 12, 2020

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

> *Re:* *United States v. Justin Eugene Taylor*, No. 19-7616
> Letter under Fed. R. App. P. 28(j)

Dear Ms. Connor:

Defendant challenges on collateral review his conviction under 18 U.S.C. § 924(c) where the indictment charged two predicate offenses, one that remains valid and the other, a Hobbs Act conspiracy offense, that no longer qualifies under *United States v. Davis*, 139 S. Ct. 2319 (2019). In pleading guilty, defendant admitted both predicate offenses and that the firearm furthered both.

In *United States v. Dussard*, — F.3d —, 2020 WL 4211283 (2d Cir. July 23, 2020), the defendant similarly challenged his § 924(c) conviction under *Davis* following a guilty plea. His indictment included both a now-invalid Hobbs Act conspiracy predicate and a still-valid drug conspiracy predicate for the § 924(c) offense, but unlike here, the plea agreement listed only the Hobbs Act conspiracy predicate. *Dussard* nevertheless upheld the § 924(c) conviction under plain error, reasoning that the defendant admitted the facts supporting his valid drug-trafficking predicate during his plea colloquy and would have pleaded guilty irrespective of *Davis*. 2020 WL 4211283 at *7. That reasoning applies with even greater force here, on collateral review with no narrowing plea agreement.

Defendant contends that the categorical approach precludes such a result, both for a guilty plea and after trial. But this Court rejected that argument after a trial, *United States v.*

1

*Steward*, 793 F. App'x 188, 190 (4th Cir. 2019), and the Supreme Court denied certiorari, 2020 WL 3492695 (June 29, 2020). Other circuits agree. *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020). Although the classification of a predicate offense as a crime of violence is a question of law for the court under the categorical approach, *United States v. Adkins*, 937 F.2d 947, 950 n.1 (4th Cir. 1991), the jury decides the factual question whether a defendant committed a predicate offense, *United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002), and the jury decides whether the requisite relationship between the gun and predicate is established, *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). Errors on such issues are routinely subject to harmlessness analysis. *United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010).

Respectfully,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Richard D. Cooke
Assistant United States Attorney