



*United States Attorney*
*Eastern District of Virginia*

*Richard D. Cooke*
*919 East Main Street, Suite 1900*
*Richmond, Virginia 23219*
*(804) 819-5471*
*richard.cooke@usdoj.gov*

September 14, 2020

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

   *Re:*  *United States v. Justin Eugene Taylor*, No. 19-7616
       Letter under Fed. R. App. P. 28(j)

Dear Ms. Connor:

  In his reply brief and rebuttal at oral argument, defendant contended that, because a robbery may be completed through intimidation, while bluffing the use of force, an attempted robbery fails to constitute an attempted use of force. The United States noted at oral argument that Supreme Court precedent forecloses this argument. The relevant citations are as follows:

  Attempts require that a defendant "intend[] to commit the completed offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 106 (2007). This requirement effectively heightens the *mens rea* for some attempts versus substantive offenses. For example, "Although a murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill." *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991). Significantly, an important difference at common law between larceny and robbery is that robbery "has long required force or violence," and "an unlawful taking was merely larceny unless the crime involved 'violence.'" *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019). And "violence" required "overcom[ing] the resistance encountered." *Id*. It follows that, in an *attempt* to commit robbery, a defendant must intend to overcome the victim's resistance. And rejecting this Court's prior precedent, the Supreme Court has held that "the elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance." *Id*. The intent required for an attempt is the intent to succeed at the crime—not an intent to take half-measures that may not complete the crime.

Put differently, the intent for attempted robbery is not to make a threatening gesture and see what happens; the intent is to take property against the victim's will. And the Supreme Court has held that the elements clause encompasses taking property by overcoming the victim's resistance.

The common-law legal terms for "attempt" and "physical force" in § 924(c)(3)(A) match common-law attempts and common-law robbery in 18 U.S.C. § 1951(a). "[I]f a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it." *Stokeling*, 139 S. Ct. at 551 (citations omitted).

Respectfully,

G. Zachary Terwilliger
United States Attorney

By:  _____/s/_____
Richard D. Cooke
Assistant United States Attorney