# FEDERAL PUBLIC DEFENDER

EASTERN DISTRICT OF VIRGINIA
1650 KING STREET, SUITE 500
ALEXANDRIA, VIRGINIA 22314
TEL:  (703) 600-0800
FAX:  (703) 600-0880

*Geremy C. Kamens*                                            *Ms. Frances H. Pratt*
*Federal Public Defender*                         *Assistant Federal Public Defender*
*Direct Dial:  (703) 600-0815*
*Email:  Fran_Pratt@fd.org*

September 25, 2020

By Electronic Case Filing

The Honorable Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA  23219-3517

> **Re:** ***United States v. Justin Eugene Taylor*, 4th Cir. No. 19-7616**
> **(E.D. Va. No. 3:08-cr-326-MHL-1; E.D. Va. 3:16-cv-508-MHL)**
> **Response letter under Fed. R. App. P. 28(j)**

Dear Ms. Connor:

The government argues that attempted Hobbs Act robbery qualifies under § 924(c)'s force clause as a crime of violence because it requires an intent to fully carry out the crime.  *See* Doc. 53. But that is beside the point, and makes no difference to the analysis here.  Rather, attempted Hobbs Act robbery does not qualify under the force clause because it can be committed by threatening force.   As explained briefly during rebuttal at oral argument:

1.  Section 924(c)(3)(A) defines "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force."

2.  The word "attempted" modifies only "use," it does not modify "threatened use."  Thus, § 924(c)(3)(A) covers both completed and attempted offenses that have the use of force as an element.  But as to offenses that can be committed by the threat of force, § 924(c)(3)(A) includes only completed offenses.  Therefore, a statute that prohibits an *attempted threat* of force does not satisfy the force clause.

3.  The elements of attempted Hobbs Act robbery are satisfied by proof of an attempt to commit the offense by threatening to use force.  *See* 18 U.S.C. § 1951(b)(1) ("robbery means the unlawful taking [of] property … by means of actual *or threatened* force").  For example, someone who is surveilling a store and intends to rob it by threatening force – say, by using a toy gun or a note threatening to kill – but is caught before they can make an actual threat of force by presenting the toy gun or the note, is guilty of attempted robbery.

4.    The person has attempted to commit Hobbs Act robbery, but they have neither attempted to use force nor threatened to use force.

Under this approach, only attempts to commit offenses that can be completed by threatening to use force – such as Hobbs Act robbery – are excluded as crimes of violence under § 924(c)'s force clause.  Attempts to commit offenses that cannot be committed by threat (i.e., that invariably require the use of force if completed – such as murder) will still qualify as crimes of violence.

Sincerely,

s/  Frances H. Pratt

Frances H. Pratt

### Certificate of Compliance

I certify that the body of this letter complies with the 350-word limit imposed by Fed. R. App. P. 28(j), specifically that it contains 349 words.

s/  Frances H. Pratt
Frances H. Pratt