**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 19-7616**

———————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JUSTIN EUGENE TAYLOR, a/k/a Mookie, a/k/a Mook,

Defendant – Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:08-cr-00326-MHL-RCY-1; 3:16-cv-00508-MHL)

———————————

Argued:  September 10, 2020                    Decided:  October 14, 2020
                    Amended:  November 4, 2020

———————————

Before MOTZ, KING, and FLOYD, Circuit Judges.

———————————

Vacated and remanded by published opinion. Judge Motz wrote the opinion, in which Judge King and Judge Floyd joined.

———————————

**ARGUED:**  Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Daniel T. Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

DIANA GRIBBON MOTZ, Circuit Judge:

In this successive federal habeas petition, Justin Eugene Taylor, convicted of using a firearm in furtherance of a "crime of violence" in violation of 18 U.S.C. § 924(c), asks us to vacate this conviction and remand for resentencing. He contends that this conviction was predicated on two offenses — conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery — that do not constitute "crimes of violence" under § 924(c). The parties agree that conspiracy to commit Hobbs Act robbery no longer qualifies as a valid § 924(c) predicate. The Government contends, however, that attempted Hobbs Act robbery does constitute a crime of violence and so is a valid predicate. The district court so held. Taylor petitioned for a certificate of appealability, which we granted. Because the elements of attempted Hobbs Act robbery do not invariably require "the use, attempted use, or threatened use of physical force," the offense does not qualify as a "crime of violence" under § 924(c).[1] Accordingly, we vacate Taylor's § 924(c) conviction and remand for resentencing consistent with this opinion.

---

[1] Relying on *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) (en banc) and *United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012), Taylor also contends that because his § 924(c) conviction rested on at least one invalid predicate, there is grave ambiguity as to which predicate constituted the "crime of violence" necessary to sustain his conviction. *See also United States v. Quicksey*, 525 F.2d 337 (4th Cir. 1975). We also granted a certificate of appealability as to this question. But given our holding that here neither predicate constitutes a "crime of violence" under § 924(c), we cannot reach that question in this case.

I.

This case arises from a 2003 conspiracy to rob a drug dealer. Taylor arranged a transaction to sell marijuana to Martin Sylvester, who in turn planned to sell marijuana to others. But Taylor had an ulterior plan: rather than complete the proposed transaction, Taylor and a coconspirator (whose name does not appear in the record) would steal Sylvester's money.

After meeting at a mutual acquaintance's residence, Taylor and Sylvester traveled together to Richmond, Virginia. Upon their arrival in Richmond, Taylor instructed Sylvester to meet Taylor's coconspirator in a nearby alleyway to complete the transaction. Sylvester did so, but Taylor's plan quickly went off the rails. The coconspirator, who was armed with a semiautomatic pistol, demanded Sylvester's money. Sylvester refused and resisted. The pistol discharged and Sylvester sustained a fatal gunshot wound.

The Government charged Taylor in a seven-count indictment. In relevant part, the indictment alleges Taylor conspired to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951, and used a firearm in furtherance of a "crime of violence" in violation of 18 U.S.C. § 924(c). The indictment further alleges two predicate crimes of violence: the conspiracy to commit Hobbs Act robbery and the attempted Hobbs Act robbery. Taylor pled guilty to conspiracy to commit Hobbs Act robbery and use of a firearm in furtherance of a "crime of violence." The Government agreed to dismiss the remaining charges. The district court sentenced Taylor to 240 months' incarceration for the conspiracy conviction and 120 consecutive months for the § 924(c) conviction, yielding a total sentence of 360 months.

Taylor appealed, but his appeal was dismissed based on a waiver in his plea agreement. In 2015, the district court denied Taylor's first motion to vacate his sentence under 28 U.S.C. § 2255. In 2016, we granted Taylor permission to file a second § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which substantially narrowed the definition of "violent felony" in the Armed Career Criminal Act (ACCA), and *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that *Johnson* applied retroactively to cases on collateral review.[2]

In this second § 2255 motion, Taylor contends that, after *Johnson*, attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery no longer qualify as crimes of violence under § 924(c)(3) and so his conviction for use of a firearm in furtherance of a "crime of violence" must be vacated. During the pendency of that motion, we invalidated § 924(c)(3)(B), one of the statute's two clauses defining "crime of violence," and further held that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under either clause. *United States v. Simms*, 914 F.3d 229, 233–34, 236 (4th Cir. 2019) (en banc). Shortly thereafter, the Supreme Court similarly invalidated § 924(c)(3)(B) as unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

Notwithstanding these shifts in the legal landscape, the district court denied Taylor's second § 2255 motion. The court held that attempted Hobbs Act robbery continued to qualify as a "crime of violence" under § 924(c)(3)(A) and that Taylor's conviction for use

---

[2] Because the definition of "crime of violence" in § 924(c)(3)(A) is almost identical to the definition of "violent felony" in ACCA our "decisions interpreting one [] definition are persuasive as to the meaning of the other[]." *United States v. McNeal*, 818 F.3d 141, 153 n.9 (4th Cir. 2016).

of a firearm in furtherance of a "crime of violence" remained valid because it was predicated on attempted Hobbs Act robbery. Taylor noted this appeal, and we granted a certificate of appealability. For the reasons that follow, we now vacate Taylor's § 924(c) conviction and remand for resentencing.

## II.

Under federal law, a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying "crime of violence" and the additional crime of utilizing a firearm in connection with a "crime of violence." 18 U.S.C. § 924(c)(1)(A).

Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts typically refer to § 924(c)(3)(A) as the "force clause" and § 924(c)(3)(B) as the "residual clause." In view of the Supreme Court's invalidation of the residual clause as unconstitutionally vague, *Davis*, 139 S. Ct. at 2336, Taylor's § 924(c) conviction may stand only if attempted Hobbs Act robbery constitutes a "crime of violence" under the force clause.

To determine whether an offense constitutes a "crime of violence" under the force clause, courts must employ the "categorical" approach. *Descamps v. United States*, 570

5

U.S. 254, 258 (2013); *United States v. Dinkins*, 928 F.3d 349, 354 (4th Cir. 2019).   Pursuant to the categorical approach, a court "focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction."   *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (citation omitted) (emphasis in original); *see also Simms*, 914 F.3d at 233 (observing that, under the categorical approach, our analysis "begins and ends with the offense's elements").   We must ask whether the elements of the underlying offense necessarily require "the use, attempted use, or threatened use of physical force."  *McNeal*, 818 F.3d at 151–52 (quoting § 924(c)(3)(A)).   When the elements of an offense encompass both violent and nonviolent means of commission — that is, when the offense may be committed without the use, attempted use, or threatened use of physical force — the offense is not "categorically" a "crime of violence."

To obtain a conviction for attempted Hobbs Act robbery, the Government must prove two elements: (1) the defendant had the culpable intent to commit Hobbs Act robbery; and (2) the defendant took a substantial step toward the completion of Hobbs Act robbery that strongly corroborates the intent to commit the offense.  *See United States v. Engle*, 676 F.3d 405, 419–20 (4th Cir. 2012).

As to the first element, the Hobbs Act penalizes a person who "in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section."  18 U.S.C. § 1951(a). The Hobbs Act defines "robbery" as the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or

threatened force, or violence, or fear of injury, immediate or future."   18 U.S.C. § 1951(b)(1).

With respect to the second element, a "substantial step" is a "direct act in a course of conduct planned to culminate in commission of a crime that is strongly corroborative of the defendant's criminal purpose." *United States v. Dozier*, 848 F.3d 180, 186 (4th Cir. 2017) (quoting *Engle*, 676 F.3d at 423).  "This definition is consistent with the definition of attempt found in the Model Penal Code," which includes some nonviolent acts. *United States v. Neal*, 78 F.3d 901, 906 (4th Cir. 1996); *see also* Model Penal Code § 5.01(1)(c) (enumerating examples of conduct that constitute a substantial step, like "possession of materials to be employed in the commission of the crime").  While "[m]ere preparation . . . does not constitute an attempt to commit a crime," a "direct, substantial act toward the commission of a crime need not be the last possible act before its commission." *United States v. Pratt*, 351 F.3d 131, 136 (4th Cir. 2003) (noting that "a specific discussion" may constitute a "substantial step" where it is "so final in nature that it left little doubt that a crime was intended and would be committed").

Our application of the categorical approach to attempted Hobbs Act robbery is informed by our recent decision in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019). In *Mathis*, we held that substantive Hobbs Act robbery "categorically" qualifies as a "crime of violence" under § 924(c)(3)(A) because although it may be committed simply by causing "fear of injury," doing so "necessarily 'involves the threat to use [physical] force.'" *Id.* at 266 (quoting *McNeal*, 818 F.3d at 153).   In other words, because the commission of Hobbs

7

Act robbery requires, at a minimum, the "threatened use of physical force," it categorically qualifies as a "crime of violence" under § 924(c)'s force clause.

However, a straightforward application of the categorical approach to attempted Hobbs Act robbery yields a different result. This is so because, unlike substantive Hobbs Act robbery, attempted Hobbs Act robbery does not invariably require the use, attempted use, or threatened use of physical force. The Government may obtain a conviction for attempted Hobbs Act robbery by proving that: (1) the defendant specifically intended to commit robbery by means of a threat to use physical force; and (2) the defendant took a substantial step corroborating that intent. The substantial step need not be violent. *See, e.g.*, *United States v. McFadden*, 739 F.2d 149, 152 (4th Cir. 1984) (concluding that defendants took a substantial step toward bank robbery where they "discussed their plans," "reconnoitered the banks in question," "assembled [] weapons and disguises," and "proceeded to the area of the bank"). Where a defendant takes a nonviolent substantial step toward threatening to use physical force — conduct that undoubtedly satisfies the elements of attempted Hobbs Act robbery — the defendant has not used, attempted to use, or threatened to use physical force. Rather, the defendant has merely *attempted to threaten* to use physical force. The plain text of § 924(c)(3)(A) does not cover such conduct.

Three of our sister circuits have eschewed this conclusion, instead holding that attempted Hobbs Act robbery does qualify as a "crime of violence." *See United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021, 1026 (7th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335, 351–53 (11th Cir. 2018). Rather than apply the categorical approach — as directed by the Supreme Court — they

8

instead rest their conclusion on a rule of their own creation. Specifically, they hold that "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony." *St. Hubert*, 909 F.3d at 351 (quoting *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017)); *Ingram*, 947 F.3d at 1026 (same); *Dominguez*, 954 F.3d at 1261 (same). In doing so, those courts adopt the same flawed premise that the Government recites here: that an attempt to commit a "crime of violence" *necessarily* constitutes an attempt to use physical force. *See, e.g.*, *St. Hubert*, 909 F.3d at 351 (asserting that an attempt to commit a "crime of violence" "must [] include at least the 'attempted use' of force"); Gov't Br. at 12 (arguing that "an attempt to commit a substantive crime of violence is an 'attempted use . . . of physical force'").

This simply is not so. Rather, as we have repeatedly held, certain crimes of violence — like Hobbs Act robbery, federal bank robbery, and carjacking — may be committed *without* the use or attempted use of physical force because they may be committed merely by means of threats. *See Mathis*, 932 F.3d at 266 (holding that "Hobbs Act robbery, when committed by means of causing *fear of injury*, qualifies as a crime of violence") (emphasis added); *McNeal*, 818 F.3d at 153 (holding that "[b]ank robbery under [18 U.S.C.] § 2113(a), 'by intimidation,' requires the *threatened use* of physical force" and thus "constitutes a crime of violence") (emphasis added); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017) (holding "that the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a *threat* of violent force within the meaning of the 'force clause'") (emphasis added).

9

These cases establish that, contrary to the Government's assertion, an attempt to commit a crime of violence need not involve the attempted use of physical force. Some crimes of violence can be accomplished merely through the threatened use of force. The crime at issue here — attempted Hobbs Act robbery — is just such a crime. But an attempt to *threaten* force does not constitute an attempt to *use* force. A person who attempts to commit Hobbs Act robbery by passing a threatening note to a store cashier has attempted the planned robbery without using or attempting to use physical force. He may case the store that he intends to rob, discuss plans with a coconspirator, and buy weapons to complete the job. But none of this conduct involves an attempt to use physical force, nor does it involve the use of physical force or the threatened use of physical force. In these circumstances, the defendant has merely taken nonviolent substantial steps toward threatening to use physical force. The plain text of § 924(c)(3)(A) does not embrace such activity.

Resisting this conclusion, the Government protests that application of the categorical approach here would, by extension, "leave[] *all* federal attempt crimes," even attempted murder, "outside § 924(c)(3)(A)." Gov't Br. at 18 (emphasis in original). Not so. To be sure, where a crime of violence may be committed without the use or attempted use of physical force, an attempt to commit that crime falls outside the purview of the force clause. But where a crime of violence *requires* the use of physical force — as is usually the case — the categorical approach produces the opposite outcome: because the substantive crime of violence invariably involves the use of force, the corresponding attempt to commit that crime necessarily involves the attempted use of force. Such an

attempt constitutes a "crime of violence" within the meaning of the force clause in § 924(c)(3). *See, e.g.*, *Mathis*, 932 F.3d at 265 (explaining that "[m]urder *requires* the use of force capable of causing physical pain or injury to another person" and so "qualifies categorically as a crime of violence under the force clause") (quotation marks omitted) (emphasis added); *In re Irby*, 858 F.3d 231, 236 (4th Cir. 2017) (holding that "second-degree retaliatory murder is a crime of violence under the force clause because unlawfully killing another human being *requires* the use of force") (emphasis added). Thus, the Government's dire warning rests on a misunderstanding of the consequences of adhering to the categorical approach in this case.[3]

Accordingly, we hold that attempted Hobbs Act robbery is not "categorically" a "crime of violence."   We must vacate Taylor's § 924(c) conviction predicated on attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery — two offenses that are not crimes of violence.

---

[3] In a post-argument letter, the Government contends that *Stokeling v. United States*, 139 S. Ct. 544 (2019), supports its view that attempted Hobbs Act robbery constitutes a crime of violence. *Stokeling* is of no aid to the Government because *Stokeling* considered only whether *common law* robbery constitutes a "violent felony"; it held it did because common law robbery "require[s] the criminal to overcome the victim's resistance." *Id.* at 550.   But of course, the crime at issue here, Hobbs Act robbery, contains no similar requirement.   Rather, Hobbs Act robbery criminalizes the "unlawful taking or obtaining of personal property . . . by means of actual or *threatened force*."   18 U.S.C. § 1951(b)(1) (emphasis added).   *Compare Stokeling*, 139 S. Ct. at 550 (noting that "at common law, an unlawful taking was merely larceny unless the crime involved 'violence,'" defined as "sufficient force [] exerted to overcome the resistance encountered").   Thus, as we held in *Mathis*, Hobbs Act robbery does not require an offender to overcome the victim's resistance; instead, this federal statutory crime, unlike common law robbery, may be committed solely by causing fear of injury — that is, by conveying a threat — and a threat does not itself constitute "force [] exerted to overcome the resistance encountered." *Id.*

III.

For these reasons, we reverse the district court, vacate Taylor's § 924(c) conviction, and remand for resentencing consistent with this opinion.

*VACATED AND REMANDED*