IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellee, | ) |
| | ) No. 19-7616 |
| v. | ) |
| | ) |
| JUSTIN EUGENE TAYLOR, | ) |
| | ) |
| Appellant. | ) |

**Unopposed Motion by the United States for Extension of Time**

The United States respectfully requests a 30-day extension for filing a petition for rehearing en banc in this case. As this Court noted in its opinion, *United States v. Taylor*, – F.3d –, 2020 WL 6495367 (4th Cir. Oct. 14, 2020), this Court's ruling that attempted Hobbs Act robbery fails to satisfy 18 U.S.C. § 924(c)(3)(A) creates a split with at least three other circuits. *See United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021, 1026 (7th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335, 351–53 (11th Cir. 2018). The 1998 Advisory Committee Notes to Fed. R. App. P. 35 explain that "[t]he existence of an intercircuit conflict often generates additional litigation in other circuits as well as in the circuits that are already in conflict." In light of that, Fed. R. App. P. 35(b)(1)(B) provides that "a petition may assert that a

proceeding presents a question of exceptional importance if it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Court of Appeals that have addressed the issue."

Any petition for rehearing en banc that the United States files must be authorized by the Acting Solicitor General. *See* 18 U.S.C. § 0.20(b). Because the Acting Solicitor General reviews appeals by the United States and petitions for rehearing en banc in every federal court of appeals, in addition to handling the United States' litigation in the Supreme Court, the volume of litigation handled by the Solicitor General's Office is significant, and the issues presented in this appeal affect an important and large number of cases. Consequently, the United States respectfully requests an extension of 30 days in which to file a petition for rehearing en banc. Counsel for defendant does not object to the United States' motion, and this Court's ruling leaves in place defendant's conviction for Hobbs Act conspiracy.

Because defendant appealed from the denial of his motion under 28 U.S.C. § 2255, his appeal is classified as a civil matter. *See, e.g., United States v. Chaney*, 911 F.3d 222, 224 (4th Cir. 2018). Under Fed. R. App. P. 35(c) and 40(a)(1), in a civil matter, the United States has 45 days after entry of the judgment on appeal in which to file a petition for rehearing en banc. The United States' petition is

therefore currently due on November 30, 2020, and with the extension would be due on December 30, 2020.

Date: November 17, 2020

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:       /s/
Richard D. Cooke
Assistant United States Attorney
919 East Main Street, Suite 1900
Alexandria, VA 22314
Richmond, Virginia 23219
(804) 819-5471

**Certificate of Service**

    I certify that on November 17, 2020, I will file electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Richard D. Cooke
Assistant United States Attorney