IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7616

UNITED STATES OF AMERICA,

*Appellee*,

v.

JUSTIN EUGENE TAYLOR,

*Appellant*.

Appeal from the United States District Court
for the Eastern District of Virginia
at Richmond
*The Honorable M. Hannah Lauck, District Judge*

UNITED STATES' PETITION FOR REHEARING EN BANC

| | |
|---|---|
| G. Zachary Terwilliger<br>United States Attorney | Richard D. Cooke<br>Assistant United States Attorney<br>919 East Main Street, Suite 1900<br>Richmond, Virginia 23219<br>804-819-5400 |

*Attorneys for the United States of America*

In *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), a panel of this Court created a circuit conflict, rejecting at a minimum the views of three other courts of appeals, *see United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021, 1026 (7th Cir.), *cert. denied*, 2020 WL 5882953 (U.S. Oct. 5, 2020); *United States v. St. Hubert*, 909 F.3d 335, 351–53 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019), in concluding that attempted Hobbs Act robbery fails to satisfy the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(A). Rather than engaging with the reasoning of its sister circuits, the panel seized on an argument that the defendant did not make in the district court, that he raised for the first time on appeal in a reply brief, and that no other court of appeals has accepted. As a result, the panel has interpreted § 924(c)(3)(A) in a manner that is inconsistent with Congress's intent and that excludes from its reach some of the most common federal crimes of violence.

Contrary to the panel's conclusion, an attempted Hobbs Act robbery satisfies § 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Congress drafted that language to cover violent crimes, with robbery as the quintessential example, and specifically included attempted and threatened uses of force to ensure that all forms of violent robbery were covered. That comprehensive definition reflects Congress's evident understanding that

violence is just as inherent in uncompleted robberies—like the one here, in which one of the would-be robbers displayed a gun and struggled with the victim in an effort to get his money, resulting in the victim's death—as in completed ones. The panel erred in concluding otherwise, and this Court should grant en banc review to eliminate the conflict with every other circuit to have considered this question.

I.

The panel opinion recognizes that "substantive Hobbs Act robbery 'categorically' qualifies as a 'crime of violence' under § 924(c)(3)(A) because although it may be committed simply by causing 'fear of injury,' doing so 'necessarily involves the threat to use [physical] force.'" *Taylor*, 979 F.3d at 207–08 (quoting *United States v. Mathis*, 932 F.3d 203, 266 (4th Cir. 2019); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)). The panel opinion also accepts that attempts to commit many crimes of violence satisfy § 924(c)(3)(A). *See Taylor*, 979 F.3d at 209 (acknowledging that when "the substantive crime of violence invariably involves the use of force, the corresponding attempt to commit that crime necessarily involves the attempted use of force"). But the panel opinion nevertheless concludes that attempted Hobbs Act robbery falls outside § 924(c)(3)(A) on the theory that an attempt to commit a Hobbs Act robbery through threatened force fails to involve an attempted use of force. According to the panel, "the defendant has merely *attempted to threaten* to use physical force,"

2

and "[t]he plain text of § 924(c)(3)(A) does not cover such conduct." *Taylor*, 979 F.3d at 208. That conclusion is mistaken.

As noted above, every circuit to have considered the issue—including the Seventh Circuit in *Ingram*, the Ninth Circuit in *Dominguez*, and the Eleventh Circuit in *St. Hubert*—has held that attempted Hobbs Act robbery constitutes a crime of violence. Those courts have recognized that a criminal who intends to commit a violent crime and takes a substantial step toward completing that crime "has, by definition, attempted a violent crime," satisfying 18 U.S.C. § 924(c)(3)(A)'s requirement that the crime include as an element the "attempted use" or "threatened use" of force. *Dominguez*, 954 F.3d at 1261–62.

The courts of appeals have similarly recognized that attempts to commit other crimes that require the use, attempted use, or threatened use of physical force are themselves crimes of violence under Section 924(c)(3)(A) and similarly worded provisions. *See, e.g.*, *United States v. Smith*, 957 F.3d 590 (5th Cir.) (attempted murder), *cert. denied*, 2020 WL 6551848 (Nov. 9, 2020); *Ovalles v. United States*, 905 F.3d 1300, 1304–07 (11th Cir. 2018) (per curiam) (attempted carjacking), *cert. denied*, 139 S. Ct. 2716 (2019); *United States v. Armour*, 840 F.3d 904, 907–09 (7th Cir. 2016) (attempted bank robbery); *United States v. McGuire*, 706 F.3d 1333, 1337–38 (11th Cir.) (O'Connor, J.) (attempted destruction of occupied aircraft), *cert. denied*, 569 U.S. 912 (2013).

Likewise, every circuit considering state attempt predicates has followed the same reasoning to hold that, where state attempt law matches or is narrower than federal attempt law, any attempt to commit a substantive offense involving the use of violent force—including attempted robbery offenses—is itself an attempted use of violent force. *See, e.g., United States v. Thrower*, 914 F.3d 770, 776–77 (2d Cir.) (attempted New York robbery satisfies elements clause), *cert. denied*, 140 S. Ct. 305 (2019); *Chaney v. United States*, 917 F.3d 895, 904 (6th Cir.) (attempted Michigan robbery satisfies elements clause), *cert. denied*, 140 S. Ct. 265 (2019).

The panel opinion thus creates a clear conflict with at least the Seventh, Ninth, and Eleventh Circuits. And although the panel attempted to distinguish Hobbs Act robbery from common-law robbery, that distinction is inaccurate, *see infra*, meaning that the panel decision also likely conflicts with the Second and Sixth Circuits on New York and Michigan robbery. To take the example of attempted New York robbery analyzed in *Thrower*, the Hobbs Act and New York robbery law share the same doctrinal roots. *See Sekhar v. United States*, 570 U.S. 729, 734 (2013). Presumably, they should be classified the same way. *See, e.g., United States v. Hammond*, 912 F.3d 658, 662–63 (4th Cir. 2019) (explaining that New York robbery offense applies common-law force standard and is crime of violence). The panel opinion deviates from that uniform consensus.

II.

The panel's ruling that attempted robbery offenses are not crimes of violence is implausible. For centuries, under the common law, robbery has been "deemed in the Law to be among the most heinous Felonies." *United States v. Harris*, 844 F.3d 1260, 1267 (10th Cir. 2017) (quoting Edw. Coke, The Third Part of the Institutes of the Laws of England: Concerning High Treason, and Criminal Causes 68 (London, W. Rawlins 168)). The definition of a "crime of violence" in § 924(c) and parallel definitions in statutes like the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), are specifically designed to capture robbery, in whatever manner it is committed, and the language of the elements clause confirms the inclusion of attempt crimes. The panel's conclusion that Congress left out attempted *robbery* cannot be squared with that design.

A. As the Supreme Court has recognized, "robbery" is "the quintessential" predicate crime-of-violence under the ACCA. *Stokeling v. United States*, 139 S. Ct. 544, 551 (2019). In the original ACCA, enacted at the same time as § 924(c)'s "crime of violence" provision, Congress expressly listed robbery as a crime that increased the statutory penalties for unlawful firearm possession. *See Stokeling*, 139 S. Ct. at 551. And Congress's statutory definition of "robbery" in the ACCA "mirrored the elements of the common-law crime," *id.*, defining robbery as "any felony consisting of the taking of the property of another from the

5

person or presence of another by force or violence, or by threatening or placing another person in fear that any person will imminently be subjected to bodily injury." 18 U.S.C. App. 1202(c)(8) (Supp. II 1984). In 1986, Congress amended the ACCA to "expand[] the predicate offenses triggering the sentence enhancement from 'robbery or burglary' to 'a violent felony or a serious drug offense.'" *Taylor v. United States*, 495 U.S. 575, 582 (1990); *see* Career Criminals Amendment Act of 1986, Pub. L. No. 99- 570, Tit. I, Subtit. I, § 1402, 100 Stat. 3207-39 to 3207-40. Congress accordingly enacted ACCA's elements clause, which remains in effect today, and whose interpretation has tracked the interpretation of the "elements" clause in § 924(c)(3)(A), as well. *See, e.g., United States v. Davis*, 139 S. Ct. 2319, 2325–26 (2019). That expansion—which covers the waterfront of force, threats, and attempts—was necessarily crafted to include attempted *robbery*, along with other attempted violent crimes.

The same is true of the parallel language in § 924(c)(A), the development of which closely mirrored the ACCA's elements clause, and to which robbery was no less central. When the crime-of-violence standards were added to § 924(c), Congress cited a federal robbery offense—bank robbery under 18 U.S.C. § 2113— as an example of an offense that would be covered as a § 924(c) predicate. *See, e.g.*, S. Rep. 98-225, 98th Cong., 1st sess., 1984 U.S.S.C.A.N. 3182, 3491 (Aug. 4, 1983) (emphasis added) ("Section 924(c) provides for a mandatory, determinate

6

sentence for a person who uses or carries a firearm during and in relation to any federal 'crime of violence,' *including offenses such as bank robbery …*"). And 1984 legislation specifically abrogated *Simpson v. United States*, 435 U.S. 6 (1978), which refused to apply the § 924(c) penalties when a defendant was also convicted of armed bank robbery under § 2113(d). Thus, Congress has been clear, over and over again, that robbery is a paradigmatic crime of violence. *Cf. United States v. Gonzales*, 520 U.S. 1, 10 (1997) (describing 1984 amendments); *Bailey v. United States*, 516 U.S. 137, 147-48 (1995) (same). Attempted robbery is no less so.

    B.    The history lays bare a few of the panel's clear errors in reaching a contrary conclusion. *First*, the panel clearly erred in distinguishing Hobbs Act robbery—which can be committed "by means of actual or threatened force," 18 U.S.C. 1951(b)(1)—from common-law robbery on the theory that Hobbs Act robbery, "unlike common law robbery, may be committed solely by causing fear of injury—that is, by conveying a threat." *Taylor*, 979 F.3d at 209 n.3. Contrary to the panel's assertion, common law robbery could be committed by means of *threatened* force, and that common-law definition of robbery was reflected in the ACCA from its inception. *See* 18 U.S.C. App. 1202(c)(8) (Supp. II 1984) (defining robbery as "any felony consisting of the taking of the property of another from the person or presence of another by force or violence, *or by threatening or*

7

*placing another person in fear that any person will imminently be subjected to bodily injury*") (emphasis added). Similarly, the Model Penal Code defined robbery as including crimes involving "the threat of serious bodily injury." Model Penal Code § 2.22.1 (1980)).

The Hobbs Act reflects those common-law standards for threatened force. "Hobbs Act robbery is defined as common-law robbery that affects interstate commerce." *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir.) (citations omitted), *cert. denied*, 139 S. Ct. 494 (2018). Accordingly, in construing the Hobbs Act, the Supreme Court has applied common-law meanings to common-law terms in that Act. *Sekhar*, 570 U.S. at 732–33. Although the text of § 1951(a) does contain some minor variations from common-law standards, the "threatened force" language is not a departure from the common-law standard that is, and always has been, at the heart of a "crime of violence." *See Stokeling*, 139 S. Ct. at 550-552. *Cf. United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017) ("We are not aware of any case in which a court has interpreted the term 'intimidation' in the carjacking statute as meaning anything other than a threat of violent force.").

*Second*, the history of the ACCA's elements clause and the parallel history of § 924(c)(A) demonstrate that they were designed specifically to cover attempted robberies, as defined under common (state) law or the Hobbs Act. Congress focused on robbery as the "quintessential" crime of violence, *Stokeling*, 139 S. Ct.

8

at 551, which has always been defined to include crimes involving threatened force. *See* 18 U.S.C. App. 1202(c)(8) (Supp. II 1984). When Congress added the elements clause to the ACCA, that reflected an *expansion* of the definition of violent crimes to include those requiring "the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A). As discussed further below, that definition confirmed Congress's intention to capture attempts, and it carved out no exception or different rule for the many robbery crimes that may be committed by means of threats. Nonetheless, the panel found that Congress excluded from the elements clause *any* attempts to commit core federal robbery crimes—like "Hobbs Act robbery, federal bank robbery, and carjacking"—because those crimes may be committed "by means of threats." *Taylor*, 979 F.3d at 208. Given that robbery-by-threat was recognized by the common law and expressly described in the original ACCA, and that the elements clause reflects Congress's effort to *broaden* the definition to crimes involving the "attempted use … of physical force," the panel's conclusion cannot be correct.

### III.

Given that history, it is unsurprising that every court of appeals to consider the question has determined that "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense is also a violent felony"—regardless of whether the substantive offense could be

9

completed by a threat of force. *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017). When faced with two possible interpretations of a statutory provision, courts do not adopt the reading that yields a "comical misfit" with the statute as a whole. *Johnson v. United States*, 559 U.S. 133, 145 (2010). "Statutory text and background," *Voisine v. United States*, 136 S. Ct. 2272, 2278 (2016), here indicate that Congress did not draft § 924(c)(3)(A) to exempt attempted federal robbery offenses, which are at the core of what Congress meant to include as "violent" offenses. By concluding otherwise, the panel ascribes objectives to Congress that make no sense.

The panel's view that "an attempt to *threaten* force does not constitute an attempt to *use* force," and that the elements clause does not reach crimes in which a defendant "*attempted to threaten* to use physical force," *Taylor*, 979 F.3d at 208, 209, fails to fully appreciate the meaning of "attempt" under federal law. To be convicted of a federal attempt offense, a defendant must (1) have the intent to commit each element of the substantive crime, and (2) take a "substantial step" toward its commission. *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007); *United States v. Carlisle*, 118 F.3d 1271, 1273 (8th Cir.), *cert. denied*, 522 U.S. 974 (1997); *see United States v. Armour*, 840 F.3d 904, 909 n.3 (7th Cir. 2016). That standard requires conduct that goes "beyond mere preparation," is "necessary to the consummation of the crime," and "strongly corroborate[s] [the

10

defendant's] criminal intent." *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir.), *cert. denied*, 552 U.S. 1054 (2007); *see Swift & Co. v. United States*, 196 U.S. 375, 402 (1905) ("The distinction between mere preparation and attempt is well known in the criminal law."); *see also United States v. Dozier*, 848 F.3d 180, 186 (4th Cir. 2017) (explaining that the "substantial step" required to be guilty of an attempt is "a direct act in a course of conduct planned to culminate in commission of a crime that is strongly corroborative of the defendant's criminal purpose." (quoting *United States v. Engle*, 676 F.3d 405, 423 (4th Cir. 2012))).

When a defendant commits "a direct act in a course of conduct planned to culminate in [the] commission of a crime" that involves the threatened use of physical force, and that act is unambiguous enough that it "strongly corroborat[es] the defendant's criminal purpose" *to threaten force*, *Dozier*, 848 F.3d at 186, the defendant has, by definition, "threatened [the] use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Conduct substantial enough to trigger liability for attempted Hobbs Act robbery based on the threatened use of force is substantial enough, in and of itself, to constitute the threatened use of force. *See United States v. Thrower*, 914 F.3d 770, 777 n.6 (2d Cir.), *cert. denied,* 140 S. Ct. 305 (2019) ("An attempt to threaten to use force by, for example, attempting to use a threatening note, itself constitutes a 'threatened use of physical force.'"). As this Court has recognized, a threat may be implicit in

11

the criminal's conduct; "the slight or implicit nature of a threat does not render it nonviolent." *United States v. Doctor*, 842 F.3d 306, 310 (4th Cir. 2016). And a threat need not be directly communicated to the threatened victim in order to qualify as a threat. *See United States v. Spring*, 305 F.3d 276, 281 (4th Cir. 2002) (explaining that a "threat" need not always be conveyed to the victim).

The panel accordingly erred in imagining a category of non-threatening attempts to threaten, and then, based on that imagined set of cases, excising from the elements clause some of the core federal robbery crimes that § 924(c) was intended to cover.

The panel's conclusion that quintessential crimes of violence under federal law—attempted Hobbs Act robbery, bank robbery, or carjacking, for example—are outside the scope of § 924(c)(3)(A) cannot be reconciled with the statutory history or context, and is not required by the statute's text. That conclusion creates a direct and lopsided circuit conflict, and this Court should grant further review to correct it.

Federal robbery offenses are among the most frequently charged crimes of violence under § 924(c)—as illustrated by how often such crimes have been featured in Supreme Court opinions analyzing § 924(c). *See, e.g., Taylor v. United States*, 136 S. Ct. 2074, 2078 (2016) (attempted Hobbs Act robbery); *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (Hobbs Act robbery); *United States v.*

12

*O'Brien*, 560 U.S. 218, 222 (2010) (attempted Hobbs Act robbery); *United States v. Dean*, 556 U.S. 568, 570 (2009) (Hobbs Act robbery). As the facts of this case illustrate, some attempted robberies can involve the most grave harm to victims possible—death—even though no property was ultimately taken, rendering the crime an attempt. Congress manifestly intended for § 924(c)(3)(A) to reach completed Hobbs Act robberies, *Mathis*, 932 F.3d at 265–66, a quintessential crime of violence, as well as attempted Hobbs Act robberies. The panel erred in concluding otherwise and wrongly disagrees with every other circuit to decide the question. Fed. R. App. P. 35(b)(1)(B). Rehearing en banc should be granted.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:    /s/
        Richard D. Cooke
        Assistant United States Attorney
        U.S. Attorney's Office
        Eastern District of Virginia
        919 East Main Street, Suite 1900
        SunTrust Building
        Richmond, Virginia 23219
        (804) 819-5471

## Certificate of Compliance and Service

I certify that the foregoing petition does not exceed 3,900 words and complies with the requirements of Fed. R. App. P. 35 and 40. I also certify that on November 30, 2020, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

                                          /s/
                                      Richard D. Cooke
                                      Assistant United States Attorney
                                      U.S. Attorney's Office
                                      Eastern District of Virginia
                                      919 East Main Street, Suite 1900
                                      SunTrust Building
                                      Richmond, Virginia 23219
                                      (804) 819-5471